IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

MEHRDAD FOTOOHIGHIAM,           )
                                )
        Plaintiff,              )
                                )
    vs.                         )        Case No.:  2:24-CV-04182-MDH
                                )
THE CITY OF COLUMBIA, MISSOURI, et al.,   )
                                )
        Defendants.             )

**SUGGESTIONS IN SUPPORT OF
MOTION TO DISMISS OF DEFENDANTS
CITY OF COLUMBIA AND "COLUMBIAL POLICE DEPARTMENT"**

COMES NOW Defendant City of Columbia (hereinafter "City") and the Defendant identified as the "Columbia Police Department" (hereinafter "police department"), by and through their undersigned counsel of record, and offer the following suggestions in support of their motion to dismiss.

**INTRODUCTION**

This is the second lawsuit Plaintiff has recently filed against the City of Columbia. The first, *Fotoohighiam v. City of Columbia, et al.* (hereinafter "*Fotoohighiam* I"), was filed August 21, 2024, and is assigned Case No. 2:24-CV-04142-MDH. For ease of discussion, the instant lawsuit will be referred to as "*Fotoohighiam* II."

The focus of *Fotoohighiam* I is Plaintiff's assertion that he is not responsible for the December 15, 2014, fire of the residence of Marcia Green and was wrongly framed and charged with arson. *Fotoohighiam* I, Doc. No. 1, ¶¶ 2, 28 and 32. As a result of being wrongly charged with that crime, *Fotoohighiam* I asserts Plaintiff was "forced into paying an unconstitutional $5 million cash only bond for an arson he did not commit" and was wrongly confined in the Boone County jail. *Id.* at ¶¶ 36-38.

The focus of *Fotoohighiam* II are events Plaintiff alleges occurred during his confinement in the Boone County jail. For example, it is alleged that during his confinement Defendants improperly manufactured a criminal case against Plaintiff which resulted in him being charged with conspiracy to commit the murder of his former wife and a judge, as well as other crimes. Doc. No. 1, ¶¶ 2, 19 and 47. It is further alleged these criminal charges were the result of fabricated evidence and the improper attempts to influence witnesses. *Id.* at ¶¶ 49, 50, and 54-67. The Complaint also contains claims concerning the conditions of Plaintiff's confinement in the Boone County jail including lack of proper medical care, improper monitoring of attorney telephone calls, and interference with legal mail. *Id.* at ¶¶ 69-90. While the Complaint in *Fotoohighiam* II references the arson charge (Doc. No. 1, ¶¶ 4, 19, 44, and 46), Moving Defendants do not interpret it as seeking relief in connection with Plaintiff being criminally charged for the fire of the Green residence. Instead, it is believed the arson references in this case are to provide context to explain why Plaintiff was confined in the Boone County jail to begin with. However, if Moving Defendants are incorrect and this lawsuit is intended to seek relief for being wrongly charged with that arson, it is respectfully submitted Plaintiff may not do so under Fed. R. Civ. P. 18(a) and 20(a)(2). See also *Garrett v. U.S. Government*, No. 19-3182-CV-S-MDH-P, 2019 WL 10888193, at *2 (W.D.Mo. June 10, 2019) ("this Court notes that, even if Plaintiff has stated a claim against the named Defendants, Plaintiff attempts to bring multiple claims against multiple parties and the claims do not arise out of the same transaction or occurrence. This is not allowed under Fed. R. Civ. P. 18(a) and 20(a)(2)").

The named Defendants in *Fotoohighiam* II include the City of Columbia and its police department, Boone County and its sheriff's office, prosecutors from Boone and St. Charles Counties, individuals associated with the Boone County Sheriff's Office, private companies and individuals, and unidentified Jane Does and John Does. The Complaint contains 15 separate

counts seeking relief for violations of both constitutional rights and state law.  For the reasons

discussed below, it is respectfully submitted there are insufficient allegations of fact to support a

claim to relief under any theory as to the City.  Additionally, the police department is not a suable

entity.  For these reasons, both the City and police department seek dismissal from this lawsuit.

**STANDARD OF REVIEW**

A motion to dismiss is the proper method to test the legal sufficiency of a complaint.  *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981).  Federal Rule 12(b)(6) states that a party may move for dismissal of all or part of the claims against it if the allegations, taken as true, fail to state a claim for which relief can be granted.  The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  The Complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," however, the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P.12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Furthermore, "the tenet a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

**DISCUSSION**

**Columbia Police Department**

The police department is not a proper defendant in this case.  *Harrigan v. Osage Beach Police Dep't.*, 2024 WL 1928640, at *1 (8th Cir. May 2, 2024) ("The police department is a

municipal sub-entity not amenable to suit"); *Akins v. City of Columbia*, No. 2:15-CV-04096-NKL, 2016 WL 4126549, at *10 (W.D. Mo. Aug. 2, 2016) (stating Columbia Police Department "is not a suable entity"); *Walker v. Kansas City Police Dep't.*, No. 09-00583-CV-W-FJG, 2010 WL 2720720, at *1 (W.D.Mo. July 6, 2010) (concluding plaintiff failed to state a claim against Kansas City, Missouri, Police Department "because that defendant is a non-suable entity"). Because it is not a suable entity, the police department should be severed and dismissed.

**City of Columbia**

The Complaint contains both federal civil rights theories and claims under Missouri state law. They are discussed below. However, before doing so, there is one overarching issue which applies to both the civil rights and state law theories: the Complaint does not claim any representative of the City was involved in the alleged misconduct which is the subject of this lawsuit.

There are several individuals named as defendants. Roger Johnson is alleged to have been an Assistant Prosecutor for Boone County and Phillip Groenweghe was acting as the "Special Prosecuting Attorney." Doc. No. 1, ¶¶ 26 and 28, respectively. It is alleged they both were "acting under color of law and within the scope of [their] authority pursuant to the statutes, ordinances, regulations, policies, customs, and usage in the City of Columbia, County of Boone, State of Missouri." *Id.* at ¶¶ 27-28. These conclusory allegations offer no assertion of fact which would allow for an inference that either of these prosecutors were acting as representatives of the City. Stated differently, the Complaint is devoid of any allegation as to how the City is responsible for the described conduct of state prosecutors. Thus, to the extent, if any, the Complaint attempts to assert the prosecutors were acting as representatives of the City, it has failed to do so sufficiently to withstand this Rule 12(b)(6) motion. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014) ("to survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face") <u>quoting</u> *Iqbal*, 556 U.S. at 678; *Watkins v. City of St. Louis, Mo.*, 102 F.4th 947, 951 (8th Cir. 2024) ("A claim is facially plausible when the pleaded facts permit the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (cleaned up). Similarly, there is no allegation of fact that Defendants Carey, Atwell, Vessar, Wilson or Perkins – each of whom are associated with the Boone County Sheriff's Office – are somehow representatives of the City.[1] Doc. No. 1, ¶¶ 29-33. Like Prosecutors Johnson and Groenweghe, there are allegations that each of these Boone County representatives acted "within the scope of [their] employment pursuant to the statutes, ordinances, regulations, policies, customs, and usages of the City of Columbia, Missouri, Boone County Sheriff's Department, and the State of Missouri." *Id.* But once again, these conclusory allegations are insufficient to support an inference that these individuals associated with the Boone County Sheriff's Office were somehow acting on behalf of the City. *Watkins,* 102 F.4th at 951.

Also named as defendants are John Doe 1-30 and Jane Doe 1-30. *Id*. at ¶¶ 34 and 35. But there is no allegation of fact to support an inference that any of the Doe defendants were employees or representatives of the City. Finally, the Complaint names Plaintiff's former wife (Hedieh Zaerin a/k/a Hedieh Fotoohighiam), Ali Rastkar, Ian Rich and Justin Todd as defendants. But none of these individuals are alleged to have been representatives of the City. *Id.* at ¶¶ 39-42.

In summary, the Complaint does not sufficiently allege facts which allow an inference that any of the individual defendants were acting as employees or representatives of the City.

**Civil Rights Claims**

Relief under 42 U.S.C. § 1983 is sought against the City in Counts I, V, VI, VIII and XV. There are multiple independent reasons dismissal of the City is proper.

---

[1] Defendant Carey is the Boone County Sheriff; Defendant Atwell is a captain with the Boone County Sheriff's Office; and Defendants Vessar, Wilson and Perkins are officers of the Boone County Sheriff's Office. Doc. No. 1, ¶¶ 29-33.

First, as discussed above, there is no allegation that a representative of the City was responsible for the constitutional deprivations alleged by Plaintiff. Second, even if there were such an allegation, a municipality is not liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't. of Soc. Serv's.,* 436 U.S. 658, 694 (1978). Instead, § 1983 liability for a constitutional violation "may attach to a municipality if the violation resulted from (1) an unofficial municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (cleaned up). The Eighth Circuit Court of Appeals has emphasized that the terms "policy" and "custom" do not mean the same thing in the context of § 1983 liability. *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) ("this Court does not use the terms 'policy' and 'custom' interchangeably when conducting a *Monell* analysis").

A municipal policy "is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Id.* An unofficial "custom" may be demonstrated by "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation." *Corwin*, 829 F. 3d at 700. While a plaintiff need not specifically plead or identify an unconstitutional policy or custom to survive a motion to dismiss, "[a]t a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). The failure to include "any allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an

unconstitutional policy or custom renders the complaint deficient." *Id.* (internal quotation marks omitted).

There are insufficient allegations of fact to support an unconstitutional policy, custom or deliberately indifferent failure to train theory against the City. First of all, no representative of the City is alleged to have acted inappropriately. Second, the Complaint does not allege facts which would support the existence of an unconstitutional policy, custom, or failure to train on behalf of the City. The Complaint attempts to state *Monell* claims in Counts XIII and XV. However, a review of those Counts reveals they contain nothing but conclusory allegations devoid of fact. This is insufficient. *Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Where, as here, the failure to include "any allegations, reference or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom renders the complaint deficient." *Crumpley-Patterson*, 388 F.3d at 591. See also *Watkins*, 102 F.4th at 954 (concluding Rule 12(b)(6) dismissal of city was proper where the complaint did not properly allege facts to support the existence of an unconstitutional policy, custom, or deliberately indifferent failure to train). Additionally, the Complaint points only to Plaintiff's own situation. This is also insufficient. *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013) (where plaintiff "points to no facts to support" his claim of unconstitutional conduct other than his own example, he has failed to "establish a municipal policy or custom creating liability under § 1983"). Similarly, there is no allegation of fact to satisfy the deliberate indifference after notice to the municipal final policymaker element of an unconstitutional custom theory. "Notice is the touchstone of deliberate

indifference in the context of § 1983 municipal liability." *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1216 (8th Cir. 2013). A viable § 1983 claim against the City has not been pleaded.[2]

The Complaint also attempts to assert claims under 42 U.S.C. §§ 1985(3) and 1986. Doc. No. 1, Counts IX and X, respectively. Neither of these Counts is directed against the City. Alternatively, even if relief against the City was sought, these Counts would be subject to dismissal under Rule 12(b)(6).

To state a claim under the equal protection provisions of the first part of § 1985(3), a plaintiff must "allege (1) a conspiracy, (2) for the purpose of depriving another of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) an injury to a person or property or the deprivation of a legal right." *Federer v. Gephardt*, 363 F.3d 754, 758-59 (8th Cir. 2004). A claim under this part of the section "also requires proof of a class-based animus." *Id.* at 758. Here, a viable § 1985(3) claim against the City has not been pleaded because, as discussed above, there is no allegation or assertion that any representative of the City was involved in the misconduct. Additionally, there is authority that a municipality is "incapable of possessing the invidious discriminatory animus required to sustain an action under Section 1985(3)." *Angelella v. Avvisato*, No. 3:15-CV-00511, 2016 WL 4379098, at *12 (M.D. Penn. Aug. 17, 2016). Alternatively, if such a claim is possible, it may not be premised on vicarious liability, *Brown v. Washington*, 661 F.Supp. 1011, 1012 (N.D. Ill. 1987), and for the reasons previously discussed, there are insufficient allegations of an unconstitutional policy or custom of the City.

---

[2] Claims under § 1983 are also contained in Counts II – IV. However, none of those Counts seek relief against the City. Even if they did, each would fail for the reasons discussed in this portion of these suggestions.

In order to present a viable § 1986 theory, there must be a valid § 1985 claim. *Jensen v. Henderson*, 315 F.3d 854, 863 (8th Cir. 2002). Because no viable § 1985(3) theory has been pleaded against the City, a § 1986 claim could not succeed.

For these reasons, it is respectfully submitted a viable civil rights claim has not been pleaded against the City and dismissal is appropriate.[3]

**State Law Claims**

Count VII is a claim for a violation of Missouri's Wire Tap Statute, Mo. Rev. Stat. § 542.400, *et seq.* The Complaint does not seek relief against the City in this Count. Even if it did, it would fail. The City's dismissal would be appropriate because there is no allegation of fact which would allow an inference that a representative of the City was involved in the challenged conduct. According to the Complaint's allegations, the alleged improper activity occurred while Plaintiff was confined in the Boone County jail. Stated differently, the Complaint offers no allegation of fact as to how the City is somehow responsible for conduct in a facility it neither owns nor operates.

Counts X and XI seek relief for intentional infliction of emotional distress and negligent infliction of emotional distress, respectively. It is unclear from the Complaint whether either of these Counts are directed against the City. Assuming either or both are, dismissal of the City is appropriate because, as discussed above, there is no allegation of fact that any representative of the City was involved in the alleged misconduct at issue here.

Count XIII attempts to state a common law malicious prosecution theory. The City is not identified as one of the defendants against whom relief is sought. Alternatively, even if the City

---

[3] While there is not a separate Count seeking relief under § 1988, there is an allegation that this statute forms part of the claim against the City. Doc. No. 1, ¶ 15. However, this statute does not give rise to an independent cause of action. *Stagemeyer v. County of Dawson*, 192 F. Supp.2d 998, 1006 (D. Neb. 2002) ("Plaintiffs' section 1988 claim must also be dismissed because 42 U.S.C. § 1988 does not create an independent federal cause of action for the violation of federal civil rights").

were included its dismissal would be appropriate because there is no allegation that any representative of the City was involved in the conduct giving rise to this theory.

Finally, Count XIV is a common law claim seeking relief against the City on a respondeat superior theory. "Respondeat superior imposes vicarious liability on employers for the negligent acts or omissions of employees or agents as long as the acts or omissions are committed within the scope of the employment or agency." *Independent Living Center of Mid MO, Inc. v. Dep't. of Social Services, MO Healthnet Div.*, 391 S.W.3d 52, 58 (Mo. App. 2013). Because there is no allegation that any employee or agent of the City engaged in misconduct, the City has no respondeat superior liability. Dismissal of this Count is also appropriate.

## CONCLUSION

For the reasons discussed above, it is respectfully submitted both the City of Columbia and the Columbia Police Department are entitled to dismissal from this lawsuit pursuant to Rule 12(b)(6).

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

  /s/ David S. Baker
David S. Baker                    #30347
9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
DBaker@fpsslaw.com
Phone: (913) 339-6757;  Fax: (913) 660-7919
*Attorneys for Defendants City of Columbia, Missouri and Columbia Police Department*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 9, 2024, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

Sean W. Pickett
Sean W. Pickett & Associates, LLC
1501 Iron Street
Kansas City, MO 64116

Ahmad Zaher
Advanta Law Firm, PLC
24300 Southfield Road, Suite 210
Southfield, MI 48075

Shiraz K. Khan
The Shiraz Law Firm, PLLC
30400 Telegraph Road, Suite 380
Bingham Farms, MI 48025

***Attorneys for Plaintiff***

    /s/ David S. Baker
DAVID S. BAKER