IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **MERHDAD FOTOOHIGHIAM,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:24-cv-04182-MDH |
| **BOONE COUNTY, MISSOURI** by and through its Board of County Commissioners, and | ) |
| | ) |
| **PROSECUTOR ROGER JOHNSON, PROSECUTOR PHILLIP GROENWEGHE, BOONE COUNTY SHERIFF DWAYNE CAREY, CAPTAIN JENNIFER ATWELL, OFFICER MATT VESSAR, OFFICER DAVID WILSON, OFFICER ANTHONY PERKINS, JOHN DOE 1-30, JANE DOE 1-30**, in their individual and official capacities, and | ) |
| | ) |
| **INMATE CALLING SOLUTIONS, LLC,** a Domestic Limited Liability Company, **SECURUS TECHNOLOGIES, LLC,** a Foreign Limited Liability company, **CENTURYLINK PUBLIC COMMUNICATIONS, LLC**, a Foreign Limited Liability Company, and | ) |
| | ) |
| **HEDIEH ZAERIN and/or HEDIEH FOTOOHIGHIAM, ALI RASTKAR, IAN RICH, and JUSTIN TODD,** in their individual capacities, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is the issue of whether Plaintiff has properly served Defendant Ali Rastkar in this case. Plaintiff has filed a motion for Default Judgment as to Ali Rastkar (Doc. 125), and no suggestions in opposition has been filed in this case. The motion is now ripe for adjudication on

1

the merits. For the reasons stated herein, Plaintiff's Motion for Default Judgment as to Ali Rastkar is **DENIED**.

**BACKGROUND**

On May 30, 2025, a Return of Service of Complaint was filed showing Defendant Ali Rastkar was served on May 20, 2025, at an address listed of 6208 S. Ridgewood Road, Columbia, Missouri 65203. (Doc. 103). The Return of Service indicated that the "documents were served to a male individual who identified himself as Abdolreza Rastkar. He stated that he is the father of Ali Rastkar and confirmed that Ali resides at 6208 S Ridgewood Rd, Columbia, Mo 65203." *Id*. On June 30, 2025, Plaintiff filed a Motion for Default Judgment as to Ali Rastkar, asking for the Clerk of the Court to enter default against Defendant Rastkar for failing to respond to Plaintiff's Complaint. (Doc. 125). On July 7, 2025, Defendant Rastkar filed a *pro se* notice to the Court in a related case, that he received an email from his father's care giving team about the attempted service of process; that he does not live nor speak to his father; and that he had moved to Colorado beginning in March of 2025. *Fotoohigham v. The City of Columbia, Missouri et al.*, 2:24-cv-04142-MDH, Doc. 84.[1] The same day, this Court ordered Plaintiff to respond to the issue of effective service of process raised in the notice of filing. *Fotoohigham v. The City of Columbia, Missouri et al.*, 2:24-cv-04142-MDH, Doc. 85.

On July 22, 2025, Plaintiff filed his response to the issue of effective service of process upon Defendant Ali Rastkar and to Defendant Ali Rastkar's Motion for extension of Time to Respond to Plaintiff's Second Amended Complaint. *Fotoohigham v. The City of Columbia,*

---

[1] Defendant Rastkar filed his notice in Fotoohigham v. The City of Columbia, Missouri et al., 2:24-cv-04142-MDH. While he submitted his notice in a related case, the Court finds that the issues in this case and the related case are the same and will adopt the documents filed in the related case as pertaining to this case as well.

*Missouri et al.*, 2:24-cv-04142-MDH, Doc. 102. Plaintiff argues that the process server issued an affidavit of service detailing his encounter with Mr. Rastkar's father, Abdolreza Rastkar, and confirming that he appeared to be of sound mind and competence, responding to his questions clearly and appropriately. *Fotoohigham v. The City of Columbia, Missouri et al.*, 2:24-cv-04142-MDH, Doc. 102-1. Abdolreza confirmed that he would ensure Ali Rastkar would receive the papers later that evening. *Id*. Plaintiff states that this is sufficient for compliance with the rules of civil procedure and properly made service upon Defendant Rastkar based on the information provided.

**ANALYSIS**

I. **Service of Process**

Plaintiff contends that Defendant Rastkar was properly served with the Summons and Complaint on May 20, 2025, at the address listed of 6208 S. Ridgewood Road, Columbia, Missouri. *Fotoohigham v. The City of Columbia, Missouri et al.*, 2:24-cv-04142-MDH, Doc. 103. Defendant Rastkar argues that service was not proper as he had moved to Colorado in March of 2025 and did not live with his father during the attempted service. *Fotoohigham v. The City of Columbia, Missouri et al.*, 2:24-cv-04142-MDH, Doc. 93-1.

Proper service is essential for a court to exercise jurisdiction over a party. *Johnston v. Canadian Pac. Kansas City Ltd.*, No. CV 24-4394 (JRT/SGE), 2025 WL 1592376, at *4 (D. Minn. June 5, 2025) (citing *Murphy Bros v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). Questions concerning a court's jurisdiction must be resolved before considering any matter on the merits. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). Federal Rule

of Civil Procedure 4(e) governs serving an individual within a judicial district of the United States. It states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The Court finds that service on Defendant Ali Rastkar was not proper. Defendant Rastkar, as submitted by affidavit attests that in March of 2025, he left Missouri to live in Colorado and has not lived with his father in Missouri since that date. *Fotoohigham v. The City of Columbia, Missouri et al.*, 2:24-cv-04142-MDH, Doc. 93-1). As such, Plaintiff was not served at his dwelling or usual place of abode and service of process was improper in this case. Thus, the Court finds that entry of default as to Defendant Rastkar is inappropriate at this time.

## II. Dismissal for Improper Service of Process

Federal Rule of Civil Procedure 4(m) governs the time limit for service. It states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff—must dismiss the action

without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extent the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, Plaintiff would be outside the time to serve as outline in Federal Rule of Civil Procedure 4(m). However, the Court finds that Plaintiff had good cause for the failure, as evident by the Affidavit of Service that Defendant Rastkar had been properly served and proceed in this case under that assumption. (Doc. 103). As such, the Court will not dismiss Defendant Rastkar at this time and instead will allow Plaintiff thirty (30) days from this Order to effectuate service upon Defendant Rastkar.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Default Judgment is **DENIED**. It is FURTHER ORDERED that Plaintiff is to serve Defendant Rastkar within thirty (30) days of this Order or risk Defendant Rastkar being dismissed from the case.

**IT IS SO ORDERED**.

DATED: October 2, 2025

>*/s/ Douglas Harpool*
>**DOUGLAS HARPOOL**
>**UNITED STATES DISTRICT JUDGE**