IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **MERHDAD FOTOOHIGHIAM,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:24-cv-04182-MDH |
| **BOONE COUNTY, MISSOURI** by and through ) | |
| its Board of County Commissioners, and ) | |
| ) | |
| **PROSECUTOR ROGER JOHNSON,** ) | |
| **PROSECUTOR PHILLIP GROENWEGHE,** ) | |
| **BOONE COUNTY SHERIFF DWAYNE** ) | |
| **CAREY, CAPTAIN JENNIFER ATWELL,** ) | |
| **OFFICER MATT VESSAR, OFFICER DAVID** ) | |
| **WILSON, OFFICER ANTHONY PERKINS,** ) | |
| **JOHN DOE 1-30, JANE DOE 1-30**, in their ) | |
| individual and official capacities, and ) | |
| ) | |
| **INMATE CALLING SOLUTIONS, LLC,** a ) | |
| Domestic Limited Liability Company, ) | |
| **SECURUS TECHNOLOGIES, LLC,** a Foreign ) | |
| Limited Liability company, **CENTURYLINK** ) | |
| **PUBLIC COMMUNICATIONS, LLC**, a Foreign ) | |
| Limited Liability Company, and ) | |
| ) | |
| **HEDIEH ZAERIN and/or HEDIEH** ) | |
| **FOTOOHIGHIAM, ALI RASTKAR, IAN** ) | |
| **RICH, and JUSTIN TODD,** in their individual ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is Defendant Inmate Calling Solutions, LLC's ("ICS") Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 111). Defendant ICS filed suggestions in support and Plaintiff filed suggestions in opposition. (Doc. 129). Defendant ICS has failed to file a reply and the time to do so has elapsed. The motion is now ripe for adjudication on the merits. For the

1

reasons stated herein, Defendant ICS's Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case arises from alleged civil rights violations stemming from Plaintiff's incarnation for a conspiracy to commit murder, assault, and tampering to which Plaintiff was ultimately acquitted. Plaintiff was a resident of the State of Missouri at all times relevant to the Complaint. Defendant Boone County Missouri, by and through its board of County Commissioners employed the officers acting under color of law and within the scope of its employment. Defendants Captain Jenniefer Atwell, Officer Matt Vessar, Officer David Wilson and Officer Anthony Perkins were officers of the Boone County Sheriff's Department. Defendants John Doe 1-30 and Jane Doe 1-30 where employees, officers, or other individuals who allegedly participated in the actions giving rise to this cause of action. Defendant Inmate Calling Solutions, LLC is a domestic limited liability company that recorded and/or facilitated phones/video calls at the Boone County Jail during Plaintiff's stay. Defendant CenturyLink Public Communications, Inc. is a foreign corporation that was one of the companies that recorded and/or facilitated phone/video calls at the Boone County Jail during Plaintiff's stay. Defendants Hedieh Zaerin and/or Hedieh Fotoohighiam, Ali Rastkar, Ian Rich, and Justin Todd, upon information and belief, are individuals residing in the City of Columbia, Missouri.

On February 19, 2021 a second superseding indictment was filed in Boone County, Missouri charging Plaintiff with one count conspiracy to commit murder in the first degree; one count assault in the first degree or attempt; one count tampering with a victim or a witness or attempt tampering with victim in a felony prosecution; and one count tampering with a victim or a witness or attempted tampering with victim. Defendants claimed that while Plaintiff was in jail,

he had hired other inmates and individuals to murder his ex-wife Hedieh Fotoohighiam, as well as a Judge. Plaintiff alleges that at trial, it was revealed that Detective Wilson met with Plaintiff undercover, in the attorney client room of the jail where jail staff informed Plaintiff that an attorney was there to see him. Plaintiff also alleges that during Plaintiff's time in jail, it was also revealed that Defendants were recording his attorney-client phone calls and that copies were obtained by Plaintiff's ex-wife's divorce attorney. Plaintiff was ultimately acquitted of the charges against him. Plaintiff now brings 15 claims against Defendants in this case.

Specifically, Plaintiff brings four counts in his Complaint against Defendant ICS: Count VI – 42 U.S.C. § 1983 4th Amendment, 5th Amendment, 6th Amendment, 18 U.S.C. § 1510 *et seq*. Improper Recording of Attorney Client Conversations; Count VII – Violation of Missouri Wiretap Statute; Count XI – Intentional Infliction of Emotional Damages; and Count XII – Negligent Infliction of Emotional Damages. Defendant ICS argued that Plaintiff's Complaint is an impermissible shotgun pleading; Plaintiff's § 1983 claim should be dismissed as it fails to meet the requirements of *Monell*; and Plaintiff's allegations under the Federal and Missouri wiretap statutes are so vague and far reaching as to be unascertainable as they relate to Defendant ICS. The Court will take each argument in turn.

### STANDARD OF REVIEW

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative

3

level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

**I.      Shotgun Pleading**

Defendant ICS argues that the allegations against it have nothing to do with allegations regarding Plaintiff's criminal investigation, but these facts are specifically incorporated by reference into the claims against them. Defendant ICS argues that the instant suit is a near textbook example of shotgun pleading, leaving ICS no clear idea of the allegations bought against it or what facts may be relevant and thus Plaintiff's Second Amended Complaint should be dismissed. Plaintiff does not address this argument in his suggestions in opposition.

So-called shotgun pleading describes more than one type of pleading practice. "The typical complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Moore v. Compass Grp. USA, Inc.*, No. 4:18-CV-01962-SEP, 2022 WL 4598558, at *10 (E.D. Mo. Sept. 30, 2022) (quoting *Sagez v. Glob. Agric. Invs., LLC*, 2015 WL 1647921, at *4 (N.D. Iowa Apr. 14, 2015)). In suits involving multiple defendants, a complaint engages in shotgun pleading if it "brings every conceivable claim against every conceivable defendant, resulting in a cause of action so general that it fails to put the various

4

defendants on notice of the allegations against them." *Chole v. Bos. Sci. Corp.*, 2020 WL 1853266, at *2 (E.D. Mo. Apr. 13, 2020); *accord Boggs v. Am. Optical Co.*, 2015 WL 300509, at *2 (E.D. Mo. Jan. 22, 2015). A "third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Moore v. Compass Grp. USA, Inc.*, No. 4:18-CV-01962-SEP, 2022 WL 4598558, at *10 (E.D. Mo. Sept. 30, 2022) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015)). "Shotgun pleading is especially problematic when pleading numerous causes of action [] with substantially different elements," *Sagez*, 2015 WL 1647921, at *4 (citing *Young v. Wells Fargo & Co.*, 671 F.Supp.2d 1006, 1016 (S.D. Iowa 2009)), because such complaints "shift onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support," *id*. (citing *Gurman v. Metro. Hous. & Redev. Auth.*, 842 F.Supp.2d 1151, 1153 (D. Minn. 2011)).

Plaintiff's Complaint suffers from shotgun pleading as to Count XII – Negligent Infliction of Emotional Distress. Counts VI, VII, and XI all allege facts that are sufficient to place Defendant ICS on notice of the allegations against it. However, Plaintiff fails to allege facts within Count XII that would put Defendant ICS on notice. Count XII – Negligent Infliction of Emotional Distress states in relevant part:

> Defendants breached this duty by confining Plaintiff in solitude and subjecting him to disciplinary segregation and psychiatric holds, failing to protect Plaintiff and document Plaintiff's injuries, and failing to provide medical attention to Plaintiff, which was unreasonable and failed to meet the standard of care that a reasonably prudent person would have exercised under similar circumstances.

(Complaint ¶ 348). Plaintiff alleges various claims in Count XII from "Defendants negligently failed to assist Plaintiff when Plaintiff required medical attention" (Complaint ¶ 344) to "Defendant Hedieh along with co-defendants intentionally manufactured claims to keep Plaintiff

in jail for the rest of his life." (Complaint ¶ 346). However, no mention is made of recording or distributing of attorney-client privileged calls. Plaintiff's Count XII fails to put Defendant ICS on notice of what conduct was done to open it to liability as to negligent infliction of emotional distress and instead is a shotgun pleading of various defendants alleged negligence except for Defendant ICS. As such, Plaintiff's Count XII fails as to Defendant ICS. For the reasons stated, Defendant ICS's Motion to Dismiss based upon shotgun pleading is **GRANTED** as to Count XII – Negligent Infliction of Emotional Distress and **DENIED** as to Counts VI, VII and XI.

## II. Count VI – 42 U.S.C. § 1983

Defendant ICS argues that Plaintiff has failed to allege an unconstitutional policy or procedure of ICS as required to hold ICS liable pursuant to § 1983, as respondeat superior liability does not exist within § 1983. Additionally, Defendant ICS argues that Plaintiff fails to allege facts demonstrating that ICS acted under color of state law, as required under 42 U.S.C. § 1983. Defendant ICS argues that Plaintiff has not met the mandate of *Monell*, and thus his § 1983 claim against Defendant ICS must be dismissed. Plaintiff argues that the *Monell* claim is Count XV of the Complaint and is not alleged against Defendant ICS, and as such Defendant ICS's Motion to Dismiss should be denied.

A corporation acting under color of state law cannot be liable on a respondeat superior theory. *Johnson v. Copizon LLC*, No. 2:18-CV-00112-SPM, 2019 WL 1522054, at *3 (E.D. Mo. Apr. 8, 2019) (citing *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating

that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

Plaintiff has failed to allege any policy, custom, or official action that inflicted an actionable injury by Defendant ICS. Plaintiff alleges:

> Upon information and belief, Defendants Inmate [C]alling Solutions, LLC, Securus Technologies, and CenturyLink Public Communications, Inc., recorded Plaintiff's calls with his attorneys while he was in the jail and shared those recordings with law enforcement agencies, prosecutors, and other third parties. The actions of Defendants in intercepting and disclosing Plaintiff's telephonic conversations with his attorney's constitutes violations of his constitutional rights.

(Complaint ¶¶ 246-247). Plaintiff alleges that Defendant ICS is a domestic limited liability company that, upon information and belief, was one of the companies that recorded and/or facilitated phone calls and/or video calls at the Boone County Jail during Plaintiff's stay in the Boone County Jail. (Complaint ¶ 30). As such, Defendant ICS is acting under color of state law for the purposes of § 1983. However, Plaintiff fails to identify a policy or custom of Defendant ICS that violated his constitutional rights. Plaintiff does not claim an official policy nor that the alleged recording and distribution was a deliberate choice made by an ICS official with final authority over such matters. Further, Plaintiff does not allege that he was injured by a custom of ICS or a continuing, widespread pattern of misconduct carried on by ICS despite notice. As a result, Plaintiff has failed to state a claim upon which relief may be granted as to this claim against Defendant ICS. For the reasons stated, Defendant ICS's Motion to Dismiss Count VI – 42 U.S.C. § 1983 is **GRANTED**.

### III. Count VII – Violation of Missouri Wiretap Statute

Defendant ICS argues that Plaintiff's allegations are not specific to any of the numerous Defendants named in the count, leaving Defendant ICS unable to formulate a cogent defense as it is unclear what actions are alleged against them. In support Defendant ICS argues Plaintiff does not allege that ICS "intentionally intercepted" communications without consent or legal authorization. Further, Plaintiff fails to identify any specific communications that ICS recorded illegally, nor does Plaintiff allege how ICS "used or disclosed" any content in violation of the statute. Plaintiff does not address this argument in his suggestions in opposition.

Missouri Revised Statute 542.418 governs the use of contents of wiretap in civil action and causes of actions. It states:

> Any person whose wire communication is intercepted, disclosed, or used in violation of sections 542.400 to 542.422 shall:
>
> > (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications; and
> >
> > (2) be entitled to recover from any such person:
> >
> > > (a) Actual damages, but not less than liquidated damages computed at the rate of one hundred dollars a day for each day of violation or ten thousand dollars whichever is greater;
> > >
> > > (b) punitive damages on a showing of a willful or intentional violation of sections 542.400 to 542.422; and
> > >
> > > (c) A reasonable attorney's fee and other litigation costs reasonably incurred.

Mo. Rev. Stat. § 542.418.2. However, it is not unlawful under the provisions of sections 542.400 to 542.422 "[f]or a person acting under law to intercept a wire or oral communication, where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception." Mo. Rev. Stat. § 542.402.

For the purposes of a Motion to Dismiss, Plaintiff has sufficiently alleged a right to relief above a speculative a speculative level. Plaintiff alleges that "Defendants Atwell, Vessar, the prosecutors, Inmate Calling Solutions, LLC, and CenturyLink Public Communications, Inc., recorded and disseminated Plaintiff's attorney-client conversations to third parties not privy to those conversations from 2018-2022. (Complaint ¶ 270). Plaintiff further alleges that "Defendants unlawfully recorded confidential communications between Plaintiff and his attorneys." (Complaint ¶ 281). Plaintiff's allegations are sufficient to allow Defendant ICS to be on notice that the challenged actions come from the recording of conversations between Plaintiff and his attorney from 2018-2022 to which he alleges were illegal in nature. There is nothing in the record that would indicate that Plaintiff had given prior consent to such interception. As such, Plaintiff has sufficiently alleged his Count. For the reasons stated, Defendant ICS's Motion to Dismiss Count VII – Violation of Missouri Wiretap Statute is **DENIED**.

## CONCLUSION

For the reasons set forth, Defendant ICS's Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED IN PART AND DENIED IN PART**. Defendant ICS's Motion to Dismiss based upon shotgun pleading is **GRANTED** as to Count XII and **DENIED** as to Counts VI, VII and XI. Defendant ICS's Motion to dismiss Count VI – 42 U.S.C. § 1983 is **GRANTED** and Count VII – Violation of Missouri Wiretap Statute is **DENIED**.

**IT IS SO ORDERED**.

DATED: October 2, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**