**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| **MERHDAD FOTOOHIGHIAM,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BOONE COUNTY, MISSOURI** by and through its Board of County Commissioners, and<br><br>**PROSECUTOR ROGER JOHNSON, PROSECUTOR PHILLIP GROENWEGHE, BOONE COUNTY SHERIFF DWAYNE CAREY, CAPTAIN JENNIFER ATWELL, OFFICER MATT VESSAR, OFFICER DAVID WILSON, OFFICER ANTHONY PERKINS, JOHN DOE 1-30, JANE DOE 1-30**, in their individual and official capacities, and<br><br>**INMATE CALLING SOLUTIONS, LLC,** a Domestic Limited Liability Company, **SECURUS TECHNOLOGIES, LLC,** a Foreign Limited Liability company, **CENTURYLINK PUBLIC COMMUNICATIONS, LLC**, a Foreign Limited Liability Company, and<br><br>**HEDIEH ZAERIN and/or HEDIEH FOTOOHIGHIAM, ALI RASTKAR, IAN RICH, and JUSTIN TODD,** in their individual capacities,<br><br>**Defendants.** | **Case No. 2:24-cv-04182-MDH** |

**ORDER**

Before the Court are Defendants Boone County, Missouri, Boone County Prosecutor Roger Johnson, former Boone County Special Prosecutor Phillip Groenweghe, Boone County Sheriff Dwayne Carey, and Boone County Sheriff's Department Deputies Jennifer Atwell, Matt Vessar, David Wilson, and Anthony Perkins' (collectively "Boone County Defendants") Motion to

Dismiss Plaintiff's Second Amended Complaint. (Doc. 122).[1] Boone County Defendants filed Suggestions in Support (Doc. 123), Plaintiff filed Suggestions in Opposition (Doc. 150) and Boone County Defendants have filed a reply. (Doc. 154). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Boone County Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case arises from alleged civil rights violations stemming from Plaintiff's incarnation for a conspiracy to commit murder, assault, and tampering to which Plaintiff was ultimately acquitted. Plaintiff was a resident of the State of Missouri at all times relevant to the Complaint. Defendant Boone County Missouri, by and through its board of County Commissioners employed the officers acting under color of law and within the scope of its employment. Defendants Captain Jenniefer Atwell, Officer Matt Vessar, Officer David Wilson and Officer Anthony Perkins were officers of the Boone County Sheriff's Department. Defendants John Doe 1-30 and Jane Doe 1-30 where employees, officers, or other individuals who allegedly participated in the actions giving rise to this cause of action. Defendant Inmate Calling Solutions, LLC is a domestic limited liability company that recorded and/or facilitated phone/video calls at the Boone County Jail during Plaintiff's stay. Defendant CenturyLink Public Communications, Inc. is a foreign corporation that was one of the companies that recorded and/or facilitated phone/video calls at the Boone County Jail during Plaintiff's stay. Defendants Hedieh Zaerin and/or Hedieh Fotoohighiam, Ali Rastkar,

[1] On September 2, 2025, Plaintiff filed a motion voluntarily dismissing Defendants Roger Johnson, Phillip Groenweghe and Dwayne Carey without prejudice. (Doc. 149). This Court subsequently dismissed Defendants Roger Johnson, Phillip Groenweghe and Dwanye Carey from the case without prejudice. (Doc. 151). To the extent Boone County Defendants argue for dismissal on behalf of those dismissed Defendants it is found as moot.

Ian Rich, and Justin Todd, upon information and belief, are individuals residing in Columbia, Missouri.

On February 19, 2021 a second superseding indictment was filed in Boone County, Missouri charging Plaintiff with one count conspiracy to commit murder in the first degree; one count assault in the first degree or attempt; one count tampering with a victim or a witness or attempt tampering with victim in a felony prosecution; and one count tampering with a victim or a witness or attempted tampering with victim. Defendants claimed that while Plaintiff was in jail, he had hired other inmates and individuals to murder his ex-wife Hedieh Fotoohighiam, as well as a Judge. Plaintiff alleges that at trial, it was revealed that Detective Wilson met with Plaintiff undercover, in the attorney client room of the jail where jail staff informed Plaintiff that an attorney was there to see him. Plaintiff also alleges, while in jail, Defendants were recording his attorney-client phone calls and that copies were obtained by Plaintiff's ex-wife's divorce attorney. Plaintiff was ultimately acquitted of the charges against him.

Plaintiff now brings 15 claims against Defendants in this case: Count I – 42 U.S.C. § 1983 Deprivation of Liberty Without Due Process of Law and Denial of a Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Conducting a Reckless Investigation; Count II – 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments; Count III – 42 U.S.C. § 1983 Civil Rights Conspiracy; Count IV – 42 U.S.C. § 1983 Failure to Intervene; Count V – 42 U.S.C. § 1983 Supervisor Liability Claim; Count VI – 42 U.S.C. § 1983 Fourth Amendment, Fifth Amendment, Sixth Amendment, 18 U.S.C. § 2510 et seq. Improper Recording of Attorney Client Conversations; Count VII – Violation of Missouri Wiretap Statute; Count VIII – 42 U.S.C. § 1983 Deliberately Indifferent Polices, Practices, Customs, Training, and Supervision in Violation of the Fourth And Fourteenth

Amendments; Count IX – 42 U.S.C. § 1985(3) Conspiracy to Interfere with Civil Rights; Count X – Violation of 42 U.S.C. § 1986 Failure to Prevent a Conspiracy to Deprive Rights; Count XI – Intentional Infliction of Emotional Distress; Count XII – Negligent Infliction of Emotional Distress; Count XIII – Malicious Prosecution Under Missouri State Law; Count XIV – Respondeat Superior Under Missouri State Law; Count XV – *Monell* Claim.

Boone County Defendants ask this Court to dismiss Plaintiff's Second Amended Complaint arguing that Plaintiff's claims are barred by collateral estoppel; the official capacity claims against individual Boone County Defendants in their official capacity are duplicative of the claims against Defendant Boone County; the allegations against Defendants Atwell, Vessar, Wilson and Perkins fail to state a claim upon which relief can be granted; and lastly that Plaintiff has failed to state a *Monell* claim against Defendant Boone County, Missouri. The Court will take each argument in turn.

## STANDARD OF REVIEW

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I. Collateral Estoppel

Boone County Defendants first argue that Plaintiff's Second Amended Complaint should be dismissed as Plaintiff's claims are barred by the collateral estoppel. Plaintiff argues that the doctrine of collateral estoppel is inapplicable to Plaintiff's claims because the Boone County Defendants cannot satisfy all of the elements for collateral estoppel to be properly applied to bar Plaintiff's claims.

"Pursuant to federal law, judicial proceedings in one state will have the same full faith and credit in every court within the United States as they have by law in the courts of such state from which they are taken." *Charleston v. McCarthy*, 8 F.4th 772, 777 (8th Cir. 2021) (quoting *Haberer v. Woodbury Cnty.*, 188 F.3d 957, 961 (8th Cir. 1999)). This applies "to issues decided by state courts even where the subsequent federal case is brought pursuant to 42 U.S.C. § 1983." *Id*.

> Under the doctrine of collateral estoppel "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

*Charleston v. McCarthy*, 8 F.4th 772, 777 (8th Cir. 2021) (quoting *Turner v. U.S. Dep't of Just.*, 815 F.3d 1108, 1111 (8th Cir. 2016)). Cours will look at state law in determining whether to apply issue preclusion. *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 335 F.3d 752, 758 (8th Cir. 2003). Under Missouri law collateral estoppel is appropriate when:

> (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought

> to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.

*Irving v. Dormire*, 586 f.3d 645, 648 (8th Cir. 2009) (citing *Ripplin Shoals Land Co. v. U.S. Army Corps of Eng'rs*, 440 F.3d 1038, 1044 (8th Cir. 2006)). The Court will analyze the current action based on the factors articulated above.

**a. Identical Issues**

Boone County Defendants argue that the issues decided in the prior adjudications are the same as the issues in this case: was Plaintiff responsible for the fire of Marcia Green's residence and did Plaintiff conspire to kill his now ex-wife based on the statements of inmate witnesses? Boone County Defendants argue that the issue of whether Plaintiff is responsible for the fire of Marica Green's residence was already adjudicated by the Boone County Circuit Court in 15BA-CV02239 – *Marcia Green v. Mehrdad Fotoohighiam et al* finding that Plaintiff was liable for the December 15, 2014, fire of Marica Green's residence. Further, Boone County Defendants argue that the issue of did Plaintiff conspire to kill his now ex-wife based on the statements of inmate witnesses was adjudicated in 15BA-FC00643 – *In Re the Marriage of: Hedieh Fotoohighiam and Mehrdad Fotoohighiam* which found that Plaintiff conspired to kill his now ex-wife based on the statements of inmate witnesses. Plaintiff argues that the issue sought to be precluded are not identical to the issues previously decided in the state-court actions cited by Boone County Defendants.

For collateral estoppel to preclude an issue, the issue must be identical to the issue previously decided. The party seeking collateral estoppel has the burden "to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Irving*

*v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (quoting *Dowling v. United States*, 493 U.S. 342, 350, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)). The Court "must examine the record of the prior proceeding, including the pleadings and evidence, keeping in mind that the party asserting the preclusion bears the burden of showing 'with clarity and certainty what was determined by the prior judgment.'" *Wellons, Inc. v. T.E. Ibberson Co.*, 869 F.2d 1166, 1168 (8th Cir. 1989) (quoting *Jones v. City of Alton, Ill.*, 757 F.2d 878, 885 (7th Cir. 1985)). The doctrine of collateral estoppel applies to matters necessarily decided in the former judgment even if there is no specific finding or reference thereto. *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (citing *Nelson v. Swing-A-Way Mfg. Co.*, 266 F.2d 184, 187 (8th Cir. 1959)).

In 15BA-CV02239 – *Marcia Green v. Mehrdad Fotoohighiam et. al*. the Circuit Court of Boone County, Missouri stated:

> The Court has read the statement of uncontroverted facts submitted by [Marcia Green] which recite that defendant Fotoohighiam admitted to a Mr. Louis Spano that he paid a Mr. Reed and defendant Hall to burn [Marcia Green's] trailer. Mr. Scotty Christopher stated that defendant Fotoohighiam offered defendant Hall and himself $500 to set [Marcia Green's] mobile home on fire. Defendant Fotoohighiam actually paid Mr. Christopher $500 to set [Marcia Green's] mobile home on fire. All these averments are supported by deposition testimony.…The undenied facts are that defendant Fotoohighiam paid others in a conspiracy to burn down the dwelling of [Marcia Green]. Those co-conspirators did burn that dwelling down causing [Marcia Green] damage. There is no contravention of these ultimate issues. They are found to be true.

(Doc. 123-3, pages 3-4). The Circuit Court of Boone County, Missouri then entered Partial Summary Judgment in favor of Defendant Green against Plaintiff. Plaintiff then appealed the Boone County Circuit Court's decision to the Missouri State Supreme Court, which affirmed the decision of the Circuit Court. *See Green v. Fotoohighiam*, 606 S.W.3d 113, 122 (Mo. 2020). In 15BA-FC00643 – *In Re the Marriage of: Hedieh Fotoohighiam and Mehrdad Fotoohighiam* the Circuit Court of Boone County, Missouri stated:

> The deposition of Darold Pruitt ("Pruitt") was admitted into evidence as Petitioner's Exhibit 309. Pruitt testified that Mehrdad would pay him with some jewelry if he would do something to his wife, specifically kill his wife, because she was trying to get his money and he didn't want to give her any money. Pruitt felt that Mehrdad was serious about killing his wife because he hates her. The deposition of Ian Rich ("Rich") was also admitted into evidence as Petitioner's Exhibit 305. Rich testified that Mehrdad asked him to have a person named "Nabo" kill Hedy. To assist Rich, Mehrdad drew Rich a map depicting the martial home in which Hedy lived, as well as the surrounding area. Rich was supposed to copy Mehrdad's map drawing and return the original to Mehrdad. However, Rich kept the original map and turned it in to Detective Matt Vasser of the Columbia Police Department.

(Doc. 123-5, ¶¶ 48-49). The Circuit Court of Boone County, Missouri found that Mehrdad's conduct resulted in the breakdown of the marriage and placed significantly greater burdens on Hedy such that she was required to shoulder far more than her share of the partnership load. The Circuit Court of Boone County ultimately dissolved the marriage of Hedieh Fotoohighiam and Mehrdad Fotoohighiam and awarded sole custody of the minor child to Hedieh Fotoohighiam.

The Court finds that the issues in 15BA-CV02239 – *Marcia Green v. Mehrdad Fotoohighiam et. al.*, 15BA-FC00643 – *In Re the Marriage of: Hedieh Fotoohighiam and Mehrdad Fotoohighiam*, and the issue in the current action are identical. Here, Plaintiff's Complaint alleges:

> Plaintiff, in 2015, was charged with an arson he never committed. He paid a unconstitutional $5 million dollar cash only bond, In 2016-2017, his bond was revoked and was incarcerated pending his trial on arson. During his incarceration, upon information and belief, Defendants procured false statements and fabricated evidence in order to manufacture new criminal charges against Plaintiff.

(Complaint ¶¶ 38 and 43). Plaintiff alleges that these false statements and fabricated evidence in order to manufacture new criminal charges as the basis for his claims in Counts I, II, III, IV, V, XIII, XIV, and in part for Counts IX and X. Plaintiff additionally alleges that Justin Todd attested in an affidavit that Detective Vassar along with Ian Rich set up plaintiff to be recorded and

entrapped but despite this, prosecutors continued their fabricated claims against Plaintiff in hopes of securing a conviction. (Complaint ¶¶ 51 and 56).

However, the Circuit Court of Boone County looked at the issue of who was responsible for the fire of Defendant's Green's property. The Circuit Court of Boone County found based on the statement of uncontroverted facts that Plaintiff was liable for the fire. Plaintiff even appealed to the Missouri State Supreme Court that affirmed the decision of the Circuit Court. Additionally, the Circuit Court of Boone County made its finding of facts regarding the breakdown of Plaintiff's marriage was due in part to the evidence presented that showed Plaintiff made plans to have his, at the time wife, killed. While Plaintiff seeks redress based on the alleged violations of his constitutional rights, this Court finds that his theory on which he bases his complaint is identical to the issue brought before the Circuit Court of Boone County. Plaintiff's constitutional rights were not infringed by the criminal investigation or prosecution if he intentionally created the fire which was the conclusion of the civil proceeding or from credible reports that he attempted to hire someone to kill his wife.

**b. Final Adjudication on the Merits**

Boone County Defendants argue that the prior adjudication was the result of a summary judgment motion, dissolution of marriage judgment and that the finding of liability of Plaintiff for the fire at Defendant Green's property was affirmed by the Missouri Supreme Court. Boone County Defendants argue this is considered a final adjudication on the merits. Plaintiff does not raise an argument as to the second factor. "Because of the limited connection between personal injury claims and the issues in a dissolution action, personal injury claims may not be barred as a collateral attack or by res judicata. *Reimer v. Hayes*, 365 S.W.3d 280, 284 (Mo. Ct. App. 2012)

(quoting *Dahn v. Dahn*, 346 S.W.3d 325, 336 (Mo. App. 2011)). However, even in such cases, the prior dissolution decree may have a "collateral estoppel effect in the later suit, to the extent specific overlapping issues exist between the dissolution and tort proceedings[.]" *Reimer v. Hayes*, 365 S.W.3d 280, 284 (Mo. Ct. App. 2012) (quoting *Dahn v. Dahn*, 346 S.W.3d 325, 336 n.7 (Mo. App. 2011)). The Court finds that Circuit Court of Boone County's Partial Summary Judgment and Plaintiff's subsequent appeal to the Missouri Supreme Court is considered a final adjudication on the merits as well as the divorce decree.

**c. Party or in Privity with a Party to the Prior Action**

Boone County Defendants argue that the Plaintiff in this lawsuit, Mehrdad Fotoohighiam, is the same individual against whom the judgment in the Boone County Circuit Court case and the divorce judgment was entered. Thus, Boone County Defendants argue that the third factor is satisfied. Plaintiff does not raise an argument as to the third factor. The Court finds that Mehrdad Fotoohighiam was a Defendant in 15BA-CV02239 – *Marcia Green v. Mehrdad Fotoohighiam et al.*, was the respondent in 15BA-FC00643 – *In Re the Marriage of: Hedieh Fotoohighiam and Mehrdad Fotoohighiam* and is the Plaintiff in the current action. As such, the Court finds that Plaintiff was a party to the prior actions.

**d. Full and Fair Opportunity to be Heard on the Issue**

Boone County Defendants lastly argue that the partial summary judgment (Doc. 123-3) shows that Plaintiff had the opportunity to fully litigate his responsibility for the fire. Additionally, Boone County Defendants argue that Plaintiff availed himself of the opportunity to appeal to the Missouri Supreme Court, which affirmed his liability for the fire. Boone County Defendants further argue that Plaintiff also had the ability to fully litigate the issues that were determined in

the divorce decree related to the conspiracy to kill his now ex-wife. Specifically, Boone County Defendants argue that Plaintiff was represented by counsel during the divorce case that was tried on August 18-20, 2020. (Doc. 123-5). Plaintiff argues he never had such an opportunity in the prior divorce or civil cases to litigate whether Boone County jail officials fabricated evidence, coerced witnesses, or violated his attorney-client privilege.

The party to be estopped must have had a full and fair opportunity to be heard on the issue in the prior action. The Supreme Court has held that "[r]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (quoting *Montana v. United States*, 440 U.S. 147, 164 n.11, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). To satisfy the full and fair opportunity to litigate element, the issue must have been raised in the prior proceeding and "necessarily determined on the merits." *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (quoting *Simmons v. O'Brien*, 77 F.3d 1093, 1097 n.4 (8th Cir. 1996)). The party must have the opportunity to litigate the issue; issue preclusion will apply even if the party does not take advantage of that opportunity. *Id*.

Here, Plaintiff had a full and fair opportunity to be heard on the identical issues in this case. The Boone County Defendants were not parties to the civil action or divorce proceedings and cannot personally be held responsible for the outcome of those proceedings. Plaintiff also received a full and fair opportunity to appeal the Circuit Court's decision relating to the fire which was ultimately affirmed by the Missouri Supreme Court. Further, the Court finds that Plaintiff was represented by counsel during the divorce proceedings and had ample opportunity to contest the issues regarding his conduct. Thus, the Court finds that Plaintiff did have a full and fair opportunity to be heard on the issues. The Court having found the issue of the fire set on December 15, 2014,

and the witnesses statements meet the criteria for collateral estoppel, the Court finds that these issues are precluded from being relitigated in this action.

For the reasons stated, Boone County Defendants' Motion to Dismiss Plaintiff's Second Complaint based upon collateral estoppel is **GRANTED IN PART AND DENIED IN PART**. To the extent Plaintiff bases his cause of actions upon issues decided in 15BA-CV02239 – *Marcia Green v. Mehrdad Fotoohighiam et al.*, and 15BA-FC00643 – *In Re the Marriage of: Hedieh Fotoohighiam and Mehrdad Fotoohighiam*, Boone County Defendants' Motion is **GRANTED**. As to all other counts Boone County Defendants' Motion is **DENIED**.

As such, Boone County Defendants' Motion to Dismiss Count I – 42 U.S.C. § 1983 Deprivation of Liberty Without Due Process of Law and Denial of a Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Conducting a Reckless Investigation; Count II – 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments; Count III – 42 U.S.C. § 1983 Civil Rights Conspiracy; Count IV – 42 U.S.C. § 1983 Failure to Intervene; Count V – 42 U.S.C. § 1983 Supervisor Liability Claim; Count XIII – Malicious Prosecution Under Missouri State Law; and Count XIV – Respondeat Superior Under Missouri State Law based upon collateral estoppel are **GRANTED**. Boone County Defendants' Motion to Dismiss Counts VI – 42 U.S.C. § 1983 Fourth Amendment, Fifth Amendment, Sixth Amendment, 18 U.S.C. § 2510 et seq. Improper Recording of Attorney Client Conversations; Count VII – Violation of Missouri Wiretap Statute; Count VIII – 42 U.S.C. § 1983 Deliberately Indifferent Polices, Practices, Customs, Training, and Supervision in Violation of the Fourth And Fourteenth Amendments; Count IX – 42 U.S.C. § 1985(3) Conspiracy to Interfere with Civil Rights; Count X – Violation of 42 U.S.C. § 1986 Failure to Prevent a Conspiracy to Deprive Rights; Count XI – Intentional Infliction of Emotional Distress; Count XII

– Negligent Infliction of Emotional Distress; and Count XV – *Monell* Claim based upon collateral estoppel are **DENIED**.

## II. Official Capacity Claims Against Boone County Individual Defendants

Boone County Defendants argue that Defendants Atwell, Vessar, Wilson and Perkins are sued in their individual and official capacities. Boone County Defendants argue that dismissal of the official capacity claims against the Boone County Defendants is appropriate as they are redundant of the claims already asserted against Defendant Boone County, Missouri. Plaintiff agrees. Therefore, the Court will dismiss the claims against Defendants Atwell, Vessar, Wilson and Perkins in their official capacities in those counts where Defendant Boone County, Missouri is also a Defendant. For the reasons stated, Boone County Defendants' Motion to Dismiss Defendant Atwell in her official capacity in Counts VI, VII, XI, and XII; Defendant Vessar in his official capacity in Counts VI, VII, VIII, XI, and XII; Defendant Wilson in his official capacity in Counts VIII, XI, and XII; and Defendant Perkins in his official capacity in Counts VIII, XI and XII are **GRANTED**.

## III. Individual Capacity Claims Against Boone County Individual Defendants

Boone County Defendants next argue that Defendants Atwell, Vessar, Wilson, and Perkins are entitled to dismissal of the counts against them in their individual capacities based on Plaintiff's failure to specify what conduct Defendants Atwell, Vessar, Wilson and Perkins performed that caused the constitutional or statutory deprivation of Plaintiff's rights as to his § 1983 claims. Boone County Defendants also argue that Counts VIII, X, XI, XII and XIII of Plaintiff's Second Amended Complaint lists Defendants Atwell, Vessar, Wilson and Perkins as defendants but fail to include any allegations against them. Lastly, Boone County Defendants argue that Defendants Atwell,

Vessar, Wilson and Perkins are entitled to qualified immunity on the § 1983 claims, official immunity to the state law claims, and that the public duty doctrine bars Plaintiff's state law claims. Plaintiff argues that Defendants Atwell, Vessar, Wilson and Perkins are not entitled to qualified immunity. Plaintiff does not make an argument regarding the lack of allegations against Defendants Atwell, Vessar, Wilson or Perkins, official immunity or the public duty doctrine. The Court will take each argument in turn.

**A. Count VI – 42 U.S.C. § 1983 4th Amendment, 5th Amendment, 6th Amendment, 18 U.S.C. § 1510 et seq. Improper Recording of Attorney Client Conversations**

Count VI is against Defendants Boone County by and through its Board of Commissioners, Atwell, Vessar, John Does 1-30, Jane Does 1-30, Inmate Calling Solutions, LLC and CenturyLink Public Communications, Inc. Boone County Defendants argue that Defendants Atwell and Vessar are entitled to dismissal of this count in their individual capacities based on Plaintiff's failure to specify what conduct Defendants Atwell and Vessar performed that caused the constitutional or statutory deprivation of Plaintiff's rights. Boone County Defendants further argue that Defendants Atwell and Vessar are entitled to qualified immunity. Plaintiff argues that he had a right not to have his attorney-client calls recorded by the Boone County Defendants and that it was clearly established under the Fourth Amendment of the United States Constitution. Plaintiff states he had a reasonable expectation that his attorney client conversations would not be recorded as he had on numerous occasions informed Defendants, including Defendant Atwell, of the names of his attorneys in order to ensure that his calls would not be recorded. Plaintiff argues that Defendant Atwell cannot hide behind qualified immunity as she was in contact with Plaintiff during his time in the Boone County Jail and was informed by Plaintiff who his attorneys' were. Plaintiff does not make an argument as to Defendant Vessar.

### i. Failure to State a Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *Whitfield v. Fed. Gov't*, No. 4:24-CV-00115 SEP, 2024 WL 4436534, at *2 (E.D. Mo. Oct. 7, 2024) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). To succeed against defendants in their individual capacities, plaintiff must allege facts demonstrating each defendant's personal responsibility for the alleged harm. *Strutton v. Hacker*, No. 4:23-CV-1134-SPM, 2024 WL 1932267, at *3 (E.D. Mo. May 2, 2024); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").

Plaintiff has raised a right to relief above a speculative level. Here, Plaintiff has alleged "Defendants violated Plaintiff's right to privacy for his conversations with his attorney. Defendants collectively violated Plaintiff's due process rights and right to counsel by intercepting, recording and dissemination his attorney client conversations." (Complaint ¶¶ 251 and 254). Further, Plaintiff alleges:

> Defendant Atwell and other jail Sheriffs intentionally failed to designate Plaintiff's attorneys as privileged in the jail or jail call recording system. Defendant Atwell and other jail Sheriffs, along with the named jail phone call service provider Defendants recorded Plaintiff's attorney-client conversations on numerous occasions. Defendants Atwell, Vessar, the prosecutors, Inmate Calling Solutions, LLC, and CenturyLink Public Communications, Inc., recorded and disseminated Plaintiff's attorney-client conversations to third parties not privy to those conversations from 2018-2022.

(Complaint ¶¶ 240-243). Plaintiff has sufficiently alleged violations of his rights secured by the Constitution or laws of the United States and alleges that those deprivations were committed by Defendants Atwell and Vessar acting under color of state law. At this stage of the litigation, this

is enough to survive a motion to dismiss. Boone County Defendants' Motion to Dismiss Defendants Atwell and Vessar in their individual capacities from Count VI based upon failure to state a claim is **DENIED**.

**ii. Qualified Immunity**

To determine if an individual is entitled to qualified immunity, the Court must conduct a two-part inquiry: "(1) [whether] the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) [whether] the right was clearly established at the time of deprivation." *Ryno v. City of Waynesville*, 58 F.4th 995, 1004 (8th Cir. 2023) (quoting *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012)). A right is "clearly established" when its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). The courts have the discretion to decide which of the two prongs of qualified-immunity analysis to tackle first. *Lombardo v. City of St. Louis*, 38 F.4th 684, 690 (8th Cir. 2022) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

Defendants Atwell and Vessar are not entitled to qualified immunity. Plaintiff alleges that the rights that were violated were his right to privacy for his conversations with his attorney and his due process rights and right to counsel by intercepting, recording, and disseminating his attorney client conversations. Regarding Plaintiff's right to privacy within a prison, a court must balance "the need of the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Andersen v. Cnty. Of Becker*, No. CIV 08-5687 ADM RLE, 2009 WL 3164769, at *10 (D. Minn. Sept. 28,

2009) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). When the search involves an inmate, a court should balance the legitimate penological interest against the privacy interest of the inmate. *Id*. at 560. While prisons have a legitimate penological interest in recording inmate phone calls, that interest does not extend to recording attorney-client phone calls. Courts have found that no fourth amendment violation occurs if the inmate is aware that the prison is recording an attorney-client phone call and the Defendant still proceeds with the call. However, no facts have been alleged that would show that this is the case.[2] For the reasons stated, the Court finds Plaintiff's right to privacy was clearly established at the time of the deprivation.

Regarding Plaintiff's right to counsel, courts have stated that to raise a successful § 1983 claim for the violation of the Sixth Amendment, Plaintiff must demonstrate that there was an intrusion into the attorney-client communication and that there was some prejudice to them. *Andersen v. Cnty. Of Becker*, No. CIV 08-5687 ADM RLE, 2009 WL 3164769, at *12 (D. Minn. Sept. 28, 2009) (citing *Weatherford v. Bursey*, 429 U.S. 545, 558 (1977)). Plaintiff has sufficiently alleged not only the intrusion into the attorney-client communication but that these calls were recorded and dispersed to third parties including law enforcement agencies, prosecutors, and other third parties. (Complaint ¶ 250). For the reasons stated, the Court finds Plaintiff's Sixth Amendment right to counsel was clearly established at the time of the deprivation.

Lastly, the Court finds that viewing the facts in the light most favorable to Plaintiff, Defendants Atwell and Vessar deprived Plaintiff of a constitutional or statutory right. As quoted above, Plaintiff alleges that Defendant Atwell, as well as other jail Sheriffs, were informed by

---

[2] The Court taking the allegations contained in the Complaint as true and drawing all reasonable inference in favor of the nonmoving party will infer that Plaintiff did not know his calls with his attorneys were being recorded and was not informed of that information either by jail staff or his attorneys.

Plaintiff of the contact numbers and information for his attorneys, yet Plaintiff's counsel was not designated as privileged. (Complaint ¶¶ 240-241). Defendants Atwell and Vessar are alleged to have recorded and disseminated Plaintiff's attorney-client conversation to third parties not privy to those conversations. (Complaint ¶ 243). As such, the Court finds that viewing the facts in the light most favorable to Plaintiff, Defendants Atwell and Vessar deprived Plaintiff of a constitutional or statutory right. For the reasons stated, Boone County Defendants' Motion to Dismiss Defendants Atwell and Vessar in their individual capacities from Count VI based upon qualified immunity is **DENIED**.

### B. Count VII – Violation of Missouri Wiretap Statute

Count VI is against Defendants Boone County, Missouri, Atwell, Vessar, John Does 1-30, Jane Does 1-30, Inmate Calling Solutions, LLC and CenturyLink Public Communications, Inc. Boone County Defendants argue that Plaintiff fails to state a claim upon which relief can be granted as to Defendants Atwell and Vessar. Additionally, Boone County Defendants argue that Defendants Atwell and Vessar are entitled to official immunity and that the public duty doctrine bars this Count. Plaintiff does not make an argument regarding the official immunity or public duty doctrine arguments of the Boone County Defendants.

#### i. Failure to State a Claim

The Missouri wiretap statute is designated at Mo. Rev. Stat. § 542.400 – 542.422 and governs wiretapping within the state. Specifically, Mo. Rev. Stat. § 542.402 defines an illegal wiretap as someone:

> (1) Knowingly intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire communication;

> (2) Knowingly uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when such device transmits communications by radio or interferes with the transmission of such communication; provided, however, that nothing in sections 542.400 to 542.422 shall be construed to prohibit the use by law enforcement officers of body microphones and transmitters in undercover investigations for the acquisition of evidence and the protection of law enforcement officers and others working under their direction in such investigations;
>
> (3) Knowingly disclosures, or endeavors to disclose, to any other person the contents of any wire communication, when he knows or has reason to know that the information was obtained through the interception of a wire communication in violation of this subsection; or
>
> (4) Knowingly uses, or endeavors to use, the contents of any wire communication when he knows or has reason to know that the information was obtained through the interception of a wire communication in violation of this subsection.

Mo. Rev. Stat. § 542.402.1(1)-(4). The statute goes on to define what is not unlawful under the provisions of sections 542.400 to 542.422 such as:

> (1) For an operator of a switchboard, or an officer, employee, or agent of any communication common carrier, whose facilities are used in the transmission of a wire communication, to intercept, disclose, or use that communication in the normal course of his employment while engaged in any activity which is a necessary incident to the rendition of his service or to the protection of the rights or property of the carrier of such communication, however, communication common carriers shall not utilize service observing or random monitoring except for mechanical or service quality control checks;
>
> (2) for a person acting under law to intercept a wire or oral communication, where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception;

Mo. Rev. Stat. § 542.402.2(1)-(2). Mo. Rev. Stat. § 542.406 goes on to define the disclosure of contents--privileged communications. The statute states:

> 1. Any investigative officer or law enforcement officer who, by any means authorized by sections 542.400 to 542.422, has lawfully obtained knowledge of the contents of any wire communication, or evidence derived therefrom, may disclose such contents to another investigative officer or law enforcement officer to the extent that such disclosure is necessary to the proper performance of the official duties of the officer making or receiving the disclosure for investigative purposes only.

> 2. Any investigative officer or law enforcement officer who, by any means authorized by sections 542.400 to 542.422, has lawfully obtained knowledge of the contents of any wire or oral communication, or evidence derived therefrom, may use such contents to the extent such use is necessary to the proper performance of his official duties.
>
> 3. Any person who has received, by any means authorized by sections 542.400 to 542.422, any information concerning a wire communication, or evidence derived therefrom, intercepted in accordance with the provisions of sections 542.400 to 542.422 shall disclose the contents of that communication or such derivative evidence while giving testimony under oath or affirmation in any criminal proceeding, including deposition in any court or in any grand jury proceeding, subject to the rules of evidence.
>
> 4. No otherwise privileged wire communication intercepted in accordance with, or in violation of, the provisions of sections 542.400 to 542.422 shall lose its privileged character and shall be suppressed upon motion.

Mo. Rev. Stat. § 542.406.

Plaintiff has raised a right to relief above a speculative level at this stage of the litigation. Here, Plaintiff alleges that "Defendants have acted unlawfully to intercept communications between Plaintiff and his attorneys and disclosed those confidential communications to third parties, including but not limited to law enforcement, prosecutor's office, and third-party attorneys who did not represent Plaintiff,[.]" (Complaint ¶ 262). Specifically, Plaintiff alleges that:

> Defendants Atwell, Vessar, the prosecutors, Inmate Calling Solutions, LLC, and CenturyLink Public Communications, Inc., recorded and disseminated Plaintiff's attorney-client conversations to third parties not privy to those conversations from 2018-2022. Defendants Atwell, Vessar, the prosecutors, and Securus Technologies Inc., recorded and disseminated Plaintiff's attorney-client conversations to third parties not privy to those conversations from 2016-2018. The interception, recording, and dissemination was done without the consent of the parties to the attorney-client relationship and despite Plaintiff listing to the jail the contact information for his attorneys.

(Complaint ¶¶ 270-271 and 276). Taking the allegations as true for the purposes of a motion to dismiss, Plaintiff has sufficiently raised a right to relief above a speculative level. Plaintiff has pleaded that his calls were intercepted, recorded and disseminated and has alleged that no

exception as shown in Mo. Rev. Stat. § 542.402.2 applies. For the reasons stated, Boone County Defendants Motion to Dismiss Defendants Atwell and Vessar in their individual capacities as to Count VII – Violation of the Missouri Wiretap Statute based on a failure to state a claim is **DENIED**.

**ii. Official Immunity**

Missouri applies the doctrine of official immunity to "protect[] public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Letterman v. Does*, 859 F.3d 1120, 1125 (8th Cir. 207) (quoting *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008)). "The official immunity doctrine, however, does not provide public employees immunity for torts committed when acting in a ministerial capacity." *Id*. "A discretionary act requires the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued," *id*., while a ministerial function "is one of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed[.]" *Id*. Which category an act falls into is determined "on a case-by-case basis" considering three factors: "(1) the nature of the public employee's duties; (2) the extent to which the act involves policymaking or exercise of professional judgment; and (3) the consequences of not applying official immunity." *Id*. However, official immunity does not apply where the discretionary act "is willfully wrong or done with malice or corruption." *Id*.

**a. Failure to Designate Calls as Non-Recordable**

Defendant Atwell is not entitled to official immunity. When applying the three-factor test to this claim, Defendant Atwell's actions would be considered ministerial. As to the nature of Defendant Atwell's duties, those working within the Boone County Jail have to exercise reason and adaptation in the usual course of their work and would typically be discretionary. However, as it concerns the access and control of the jail recording systems, the designation of attorney-client calls would lean more towards a ministerial duty. Regarding the second factor, designating calls as non-recordable for attorney-client conversations does not involve policymaking or exercise of professional judgment. Lastly, the consequence of not applying official immunity in this case is minimal as the legislature did not intent for official immunity to apply to acts that are ministerial in nature. To the extent that Defendant Atwell failed to register as non-recordable calls between Plaintiff and his attorney, Defendant Atwell is not entitled to official immunity. For the reasons stated, Boone County Defendants' Motion to Dismiss Count VII as to Defendant Atwell based on official immunity, it is **DENIED** as to Defendant Atwell failing to register calls between Plaintiff and his attorney as non-recordable.

**b. Dissemination of Calls**

However, Defendants Atwell and Vessar are entitled to official immunity for disseminating Plaintiff's attorney-client conversations to third parties not privy to those conversations. Applying the same three-factor test, Defendant Atwell and Vessar's actions disseminating the attorney-client conversations were a discretionary act. As to the nature of Defendant Atwell and Vessar's duties, those working within the Boone County Jail must exercise reason and adaptation in the usual course of their work and would typically be discretionary. Regarding the second factor, the decision of which calls to disseminate and to whom require the exercise of policymaking and/or

the exercise of professional judgment.[3] "That an official might exercise poor judgment in a given case does not remove the conduct from the category of discretionary acts." *K.B. v. Waddle*, 764 F.3d 821, 825 (8th Cir. 2014). Lastly, not applying official immunity in this case would go against its purpose to "protect[] public employees from liability for alleged ats of negligence committed during the course of their official duties for the performance of discretionary acts." *Letterman v. Does*, 859 F.3d 1120, 1125 (8th Cir. 2017) (quoting *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008)). The three factor test weights in favor of official immunity. For the reasons stated, Boone County Defendants' Motion to Dismiss Count VII as to Defendants Atwell and Vessar based on official immunity are **GRANTED** as to the dissemination of Plaintiff's attorney-client conversations.

**iii. Public Duty Doctrine**

As the Court has already granted official immunity in part to Defendant Atwell and fully to Defendant Vessar, the Court will analyze the public duty doctrine solely in regards to failing to registering calls between Plaintiff and his attorney as non-recordable.

Under the public duty doctrine, "a public employee is not liable to an individual for injuries resulting from a breach of duty the employee owes only to the general public. *Est. of Snyder v. Julia*, 789 F.3d 883, 887–88 (8th Cir. 2015) (citing *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. 2008)). A "public duty" is "the 'kind of duty owed to the public at large,' and is the kind of duty that requires the public official to use discretion, including 'professional expertise,

[3] Pursuant to Mo. Rev. Stat. § 542.406 Defendants Atwell and Vessar were allowed to disclose lawfully obtained knowledge of the contents of any wire communication, or evidence derived therefrom, to another investigative officer or law enforcement officer to the extent that such disclosure is necessary to the proper performance of the official duties of the officer making or receiving the disclosure for investigative purposes only or to the extent such use is necessary to the proper performance of his official duties.

training and judgment.'" *Gregg v. City of Kansas City*, 272 S.W.3d 353, 362 (Mo. Ct. App. 2008) (citing *Davis-Bey v. Mo. Dep't of Corr.*, 944 S.W.2d 294, 298 (Mo. Ct. App. 1997)). The public duty doctrine does not insulate a public employee from all liability, as he could still be found liable for breach of ministerial duties in which an injured party had a "special, direct, and distinctive interest." *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. 2008), *as modified on denial of reh'g* (Sept. 30, 2008) (quoting *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 445 (Mo. banc 1986)). The public duty doctrine will not apply where defendant public employees act "in bad faith or with malice." *Id*. (quoting *Jackson v. City of Wntzville*, 844 S.W.2d 585, 588 (Mo. App.1993)).

The public duty doctrine does not apply to Count VII. As already established, registering a call between an inmate and their attorney is a ministerial function. Plaintiff had a special, direct, and distinctive interest in the protections afforded by the attorney-client privilege when talking with his attorney. There is nothing within the record that suggests either Plaintiff or his attorney consented to the recording, nor that Plaintiff waived his right to the attorney-client privilege. As such, a reasonable jury might find that damage done by recording the calls between Plaintiff and his attorney was reasonably foreseeable as a result of Defendant Atwell failing to designate those calls as non-recordable. For the reasons stated, Boone County Defendants' Motion to Dismiss Count VII based on the public duty doctrine is **DENIED**.

### C. Count VIII – 42 U.S.C. § 1983 Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in Violation of the Fourth and Fourteenth Amendments

Count VIII is against Defendants Boone County through the Board of Commissioners, Vessar, Wilson, Perkins, John Does 1-30, and Jane Does 1-30. Boone County Defendants argue that Plaintiff fails to state a claim upon which relief can be granted as to Defendants Vessar, Wilson

and Perkins. Additionally, Boone County Defendants argue that Defendants Vessar, Wilson and Perkins are entitled to qualified immunity whereas Plaintiff argues they are not.

Plaintiff has failed to raise a right of relief above a speculative level on this claim as it relates to Defendants Vessar, Wilson and Perkins. Plaintiff's Count VIII is a 42 U.S.C. § 1983 claim regarding the policies, practices, customs, training and supervision of those employed by Boone County either as officers or employees of the jail. Nowhere in Plaintiff's Complaint does he state that Defendants Vessar, Wilson, or Perkins had any authority as to the polices, practices, customs, trainings or supervision of the Boone County Sheriff's Department or jail. Plaintiff alleges that:

> Defendants and their policymaking officials, employees, agents, and representatives, maintained policies, procedures, customs, and/or practices exhibiting deliberate indifferent to the constitutional rights of citizens, including those housed in their jails as detainees, where were the moving forces behind and proximately caused the violations of Plaintiff's Constitutional rights as set forth herein. Defendants and their policymaking officials, employees, agents, and representatives have developed and maintained long-standing, department-wide customs, policies, procedure, and practices, and/or failed to properly train and/or supervise their officers and employees in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff.

(Complaint ¶¶ 300 and 302). An individual-capacity failure to train/supervise claim under § 1983 exists where the supervisor was deliberately indifferent to or tacitly authorized the unconstitutional acts. *Null v. Garcia*, 709 F.Supp.3d 475, 767 (W.D. Mo. 2023), *aff'd*, No. 24-1143, 2025 WL 985110 (8th Cir. Apr. 2, 2025) (citing *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)). Here, there are no facts alleged to show that either Defendants Vessar, Wilson or Perkins had policy making authority or were considered supervisors to which liability would attach in this Count. As such, the Court finds that Plaintiff has failed to state a claim as to Defendants Vessar, Wilson or Perkins as to Count VIII. For the reasons stated, Boone County Defendants' Motion to

Dismiss Defendants Vessar, Wilson and Perkins in their individual capacities as to Count VIII based upon a failure to state a claim is **GRANTED**.[4]

### D. Count IX – 42 U.S.C. § 1985(3) Conspiracy to Interfere with Civil Rights

Count IX is against Defendants Atwell, Vessar, Wilson, Perkins, John Does 1-30, Jane Doe 1-30, Hedieh Zaerin Fotoohighiam, Ian Rich, Ali Rastkar, and Justin Todd. Boone County Defendants argue that Plaintiff fails to state a claim upon which relief can be granted as to Defendants Atwell, Vessar, Wilson and Perkins. Additionally, Boone County Defendants argue that Defendants Atwell, Vessar, Wilson and Perkins are entitled to qualified immunity whereas Plaintiff argues they are not.

Caselaw in the Eighth Circuit defines the elements necessary to prevail on a 42 U.S.C. § 1985(3) claim.

> In order to prove the existence of a civil rights conspiracy under § 1985(3), the [plaintiff] must prove: (1) that the defendants did "conspire," (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws," (3) that one or more of the conspirators did, or caused to be done, "any act in furtherance of the object of the conspiracy," and (4) that another person was "injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States. 42 U.S.C. § 1985(3).

*Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996). "The 'purpose' element of the conspiracy requires that the plaintiff prove a class-based invidiously discriminatory animus." *Davis v Jefferson Hosp. Ass'n*, 684–85 F.3d 675, 685 (8th Cir. 2012) (quoting *City of Omaha Emps. Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989)). "Moreover, the

---

[4] As the Court has granted Boone County Defendants' Motion to Dismiss Count VIII – 42 U.S.C. 1983 Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in Violation of the Fourth and Fourteenth Amendments as to Defendants Vessar, Wilson and Perkins in their individual capacities, the Court will decline to analyze Boone County Defendants arguments as to qualified immunity.

plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Id* at 685.

Taking as true the allegations in the Complaint, Plaintiff has failed to raise a right to relief above a speculative level. Here, Plaintiff alleges that "Defendants conspired together to deprive Plaintiff of his civil rights in violation of 42 U.S.C. § 1985(3)." (Complaint ¶ 311). Plaintiff further alleges that:

> The conspirators engaged in overt acts, including but not limited, to repeated placements in disciplinary segregation after making complaints and grievances in jail, repeated changes of jail manuals after grievances by Plaintiff, recording and dissemination of Plaintiff's attorney-client conversations, constant shakedowns of Plaintiff in jail by Atwell and other officers, planting documents on Plaintiff by Deputy Perkins while Plaintiff was in jail to falsely implicate Plaintiff of crimes he did not commit, and Wilson holding himself out, and being allowed by jail officials to hold himself out to Plaintiff as an attorney despite not being an attorney, in order to obtain privileged information from Plaintiff. The conspiracy targeted Plaintiffs constitutionally protected rights including but not limited to due process, freedom from unreasonable searches and seizures, deprivation of civil liberties, and deprivation of his freedoms. Plaintiff was injured as a result of these actions as outlined above and was deprived of his constitutional rights as a U.S. citizen.

(Complaint ¶¶ 315, 320 and 321). Plaintiff conclusory alleges that Defendants conspired together to deprive Plaintiff of his civil rights but provides no particularity or specificality with material facts that Defendants in fact reached an agreement. The closest Plaintiff comes is his allegations is that:

> It was revealed that one of the "witnesses" who allegedly claimed Plaintiff hired him to kill his ex-wife and the Judge was pressured and told to make such statements by Defendant officers and Prosecutors. Defendant Justin Todd, a convicted criminal, provided an affidavit highlighting the conspiracy against Plaintiff and deliberate assault on Plaintiff's civil rights. Defendant Justin Todd attested in an affidavit on 7/8/2019 that Detective Vessar wanted "to get" Plaintiff and wanted to put him away. Detective Vessar offered to speak with the prosecutors to drop or reduce Mr. Todd's charges.

(Complaint ¶¶ 48-50). Plaintiff fails to show any agreement between Defendants Atwell, Vessar, Wilson, Perkins or any of the other Defendants. Because of this, Plaintiff has failed to raise a relief

above a speculative level as to this claim. For the reasons stated, Boone County Defendants' Motion to Dismiss Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities as to Count IX based upon a failure to state a claim is **GRANTED**.[5]

### E. Count X – 42 U.S.C. § 1986 Failure to Prevent a Conspiracy to Deprive Rights

Count X is against Defendants Atwell, Vessar, Wilson, Perkins, John Does 1-30, Jane Doe 1-30, Hedieh Zaerin Fotoohighiam, Ian Rich, Ali Rastkar, and Justin Todd. Boone County Defendants argue that Plaintiff fails to state a claim upon which relief can be granted as to Defendants Atwell, Vessar, Wilson and Perkins. Additionally, Boone County Defendants argue that Defendants Atwell, Vessar, Wilson and Perkins are entitled to qualified immunity where Plaintiff argues they do not.

In order to bring a § 1986 claim for failure to prevent a conspiracy to interfere with civil rights, a plaintiff must show that (1) the defendants had actual knowledge of a § 1985 conspiracy, (2) the defendants had the power to prevent or aid in preventing the commission of the § 1985 conspiracy, (3) the defendants neglected or refused to prevent the conspiracy, and (4) a wrongful act was committed. *Keefe v. City of Minneapolis*, 785 F.3d 1216, 1224 (8th Cir. 2015) (citing *Brandon v. Lotter*, 157 F.3d 537, 539 (8th Cir. 1998)). Accordingly, a § 1986 cause of action is dependent upon a valid § 1985 claim. *Barstad v. Murray Cnty.*, 420 F.3d 880, 887 (8th Cir. 2005).

As already discussed above, Plaintiff has failed to state a claim as to his 42 U.S.C. § 1985(3) claim by failing to show that Defendants did conspire. The Court having already dismissed

---

[5] As the Court has granted Boone County Defendants' Motion to Dismiss Count IX – 42 U.S.C. § 1985(3) Conspiracy to Interfere with Civil Rights as to Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities, the Court will decline to analyze Boone County Defendants arguments as to qualified immunity.

Count IX - 42 U.S.C. § 1985(3) Conspiracy to Interfere with Civil Rights will also proceed to dismiss Count X – 42 U.S.C. § 1986 Failure to Prevent a Conspiracy to Deprive Rights as a valid 42 U.S.C. § 1985 claim is necessary to succeed on this claim. For the reasons stated, Boone County Defendants' Motion to Dismiss Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities as to Count IX based upon a failure to state a claim is **GRANTED**.[6]

### F. Count XI – Intentional Infliction of Emotional Distress

Count XI is named against all Defendants. Boone County Defendants argue that Plaintiff fails to state a claim upon which relief can be granted as to Defendants Atwell, Vessar, Wilson and Perkins. Additionally, Boone County Defendants argue that Defendants Atwell, Vessar, Wilson and Perkins are entitled to official immunity and that the public duty doctrine bars this Count. Plaintiff does not make an argument regarding official immunity or the public duty doctrine.

"To state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Kyndryl, Inc. v. Cannady*, No. 23-03279-CV-S-BP, 2024 WL 3102043, at *5 (W.D. Mo. May 28, 2024), *appeal dismissed sub nom. Kyndryl Holdings, Inc. v. Cannady*, No. 24-2279, 2024 WL 5240820 (8th Cir. Nov. 5, 2024) (quoting *Gibson v. Brewer*, 952 S.W.3d 239, 249 (Mo. 1997) (en banc)). In addition, "[t]he conduct must be intended only to cause extreme emotional distress to the victim." *Id*. (quotation omitted). To support a claim for intentional infliction of emotional distress ("IIED"), the challenged "conduct must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

[6] As the Court has granted Boone County Defendants' Motion to Dismiss Count X – 42 U.S.C. § 1986 Failure to Prevent a Conspiracy to Deprive Rights as to Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities, the Court will decline to analyze Boone County Defendants arguments as to qualified immunity.

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. (quotation omitted). Under Missouri law, it is the court's role to determine "whether the defendant's conduct may be reasonably regarded as so extreme and outrageous as to permit recovery [but] Missouri case law reveals very few factual scenarios sufficient to support a claim for intentional infliction of emotional distress …." *Gillis v. Principia Corp.*, 832 F.3d 865, 874–75 (8th Cir. 2016) (cleaned up). "[I]t is a rare occurrence when a defendant's conduct is sufficiently extreme and outrageous to warrant recovery." *Id.*

Taking the allegations as true for the purpose of a motion to dismiss, Plaintiff fails to raise a right to relief above a speculative level. Plaintiff alleges Count XI against all Defendants but fails to list any specific Defendant outside of Defendant Hedieh or John and Jane Doe. Additionally, Plaintiff attempts to claim three different incidents that would rise to the level of IIED: (1) being denied medical attention by John and Jane Doe; (2) not being allowed to make phone calls and recording his privileged phone calls; and (3) Defendant Hedieh with co-defendants manufactured claims to keep Plaintiff in jail. (Complaint ¶¶ 331-332, and 334). While incidents two and three would be the only ones that would involve Defendants Atwell, Vessar, Wilson and Perkins the Court finds not being allowed to make phone calls and recording privileged phone calls is not so outrageous or extreme in degree as to go beyond all possible bounds of decency. As to incident three, as discussed earlier, Plaintiff fails to show any actual agreement between any Defendants that would warrant a finding that Defendants conspired to keep Plaintiff in jail. Even so, Plaintiff focuses his argument on this claim against Defendant Hedieh and fails to mention any of the Boone County Individual Defendants, let alone any specific actions that would rise to the level necessary for IIED. In sum, taking the allegations as true for the purpose of a motion to dismiss, Plaintiff has failed to allege any specific conduct from Defendants Atwell, Vessar, Wilson or Perkins that would

raise a right above a speculative level. For the reasons stated, Boone County Defendants' Motion to Dismiss Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities as to Count XI based upon a failure to state a claim is **GRANTED**.[7]

### G. Count XII – Negligent Infliction of Emotional Distress

Count XII is named against all Defendants. Boone County Defendants argue that Plaintiff fails to state a claim upon which relief can be granted as to Defendants Atwell, Vessar, Wilson and Perkins. Additionally, Boone County Defendants argue that Defendants Atwell, Vessar, Wilson and Perkins are entitled to official immunity and that the public duty doctrine bars this Count. Plaintiff does not make an argument regarding official immunity or the public duty doctrine.

In order to succeed on a claim of negligent infliction of emotional distress ("NIED") a plaintiff must show that: (1) the defendants "realized or should have realized that their conduct involved an unreasonable risk of causing distress;" and (2) the plaintiff "suffered emotional distress or mental injury that is medically diagnosable and sufficiently serve to be medically significant." *Brown v. City of Pine Lawn, Missouri*, No. 4:17CV01542 ERW, 2018 WL 950211, at *7 (E.D. Mo. Feb. 20, 2018) (quoting *Gordon v. City of Kansas City*, Mo., 241 F.3d 997, 1004 (8th Cir. 2001)).

Taking the allegations as true for the purpose of a motion to dismiss, Plaintiff has failed to raise a right to relief above a speculative level as it relates to Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities. Here, Plaintiff alleges:

[7] As the Court has granted Boone County Defendants' Motion to Dismiss Count XI – Intentional Infliction of Emotional Distress as to Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities, the Court will decline to analyze Boone County Defendants arguments as to official immunity and the public duty doctrine.

> Defendants negligently confine Plaintiff in solitude and subjected him to disciplinary segregation and psychiatric holds that resulted in emotional distress to Plaintiff.
>
> Defendants negligently failed to assist Plaintiff when plaintiff required medical attention that resulted in emotional distress to Plaintiff[.]
>
> Defendant Hedieh intentionally fabricated claims against Plaintiff in order to keep him in jail, deprive him of his freedom, deprive him of his children, and intentionally cause trauma to Plaintiff.
>
> Defendant Hedieh along with co-defendants intentionally manufactured claims to keep Plaintiff in jail for the rest of his life.

(Complaint ¶¶ 343-346). Like Plaintiff's claim for IIED, Plaintiff fails to state with any specificity what Defendant caused the actions he complains of outside a John and Jane Doe for negligently failing to assist Plaintiff when Plaintiff required medical attention claim and Defendant Hedieh for fabricating claims. In review of the Complaint, Plaintiff does not allege that Defendants Atwell, Vessar, Wilson or Perkins negligently confined Plaintiff in solitude or subjected him to disciplinary segregation nor has Plaintiff shown that these Defendant intentionally manufactured claims to keep Plaintiff in jail. As Plaintiff has failed to show that Defendants Atwell, Vessar, Wilson or Perkins conduct led to the issues relating to his claim of NIED, Plaintiff has failed to raise a right to relief above a speculative level as to these Defendants. For the reasons stated, Boone County Defendants' Motion to Dismiss Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities as to Count XII based upon a failure to state a claim is **GRANTED**.[8]

## IV. *Monell* Claim

Count XV is against Defendant Boone County by and through its Board of County Commissioners. Boone County Defendants argue that Plaintiff fails to allege, beyond mere

[8] As the Court has granted Boone County Defendants' Motion to Dismiss Count XII – Negligent Infliction of Emotional Distress as to Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities, the Court will decline to analyze Boone County Defendants arguments as to official immunity and the public duty doctrine.

conclusions, that Boone County had an official policy or unofficial custom that caused the alleged constitutional violations. Boone County Defendants further argues that there is no non-conclusionary allegation that Boone County had notice of a pattern of constitutional violations on the part of its officers or that its training procedures for its officers would likely result in constitutional violations, and deliberately did nothing. Finally, Boone County Defendants argue that to the extent Plaintiff's Second Amended Complaint bases liability on Boone County for the actions of its employees, it is subject to dismissal.

Plaintiff argues that Boone County maintained unofficial customs of recording attorney client conversations in their jails. Plaintiff states that Boone County continuously and systematically recorded attorney client conversations in their jails without regard to constitutional violations. Additionally, Plaintiff argues that Boone County failed to supervise its officers and employees in their continuous recording of attorney client conversations and continued these violations. Specifically, Plaintiff argues that Boone County failed to train its officers in the constitutional protections afforded to attorney client conversations and that those calls should not be recorded or disseminated to parties outside of the attorney client relationship.

"[U]nder § 1983, local governments are reasonable only for 'their own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). Therefore, a local government "may only be liable for a constitutional violation resulting from (1) an official … policy, (2) an unofficial custom, or (3) failure to train or supervise." *Gray v. City of St. Louis*, No. 4:18-CV-01678-SEP, 2025 WL 961739, at *3 (E.D. Mo. Mar. 31, 2025) (citing *Robbins v. City of Des Moines*, 984 F.3d 673, 681–82 (8th Cir. 2021)).

Taking the allegations as true for the purpose of a motion to dismiss, Plaintiff has raised a right to relief above a speculative level. Here, Plaintiff makes a host of arguments alleging both an unofficial custom and a failure to train or supervise. As to an unofficial custom, Plaintiff alleges:

> Boone County maintained unofficial customs of recording attorney client conversations in their jails.
>
> Boone County maintained unofficial customs allowing their Sheriffs to manufacture claims against individuals in efforts to prosecute them.
>
> Boone County's unofficial custom of using inmate witnesses to push forward charges against individuals, without corroboration or ascertaining the veracity of the allegations, caused Plaintiff and similarly situated individuals to be wrongfully prosecuted and jailed.

(Complaint ¶¶ 371, 375 and 377). Plaintiff further alleges instances where Defendant Boone County, Missouri failure to train or supervise its employees. Plaintiff alleges:

> Boone County failed to supervise its officers in the constitutional protections afforded to attorney client conversations and that those calls should not be recorded or disseminated to party's outside of the attorney client relationship.
>
> Boone County failed to supervise its sheriff's and officers in their investigative practices including officers falsely appearing as attorneys when speaking with inmates in order to and in an effort to solicit information.
>
> Boone County's failure to supervise and train its officers in conducting proper investigations that are unbiased, based on credible evidence, and not manufactured for the purposes of obtaining a conviction.

(Complaint ¶¶ 374, 376 and 378). At this stage of the litigation, Plaintiff has raised a right to relief above a speculative level. However, to prevail on any failure to train claim, Plaintiff will ultimately have to prove what training was done and show the inadequacies of that training. It will not be sufficient to prove inadequate training from the conduct of the officers alone. For the reasons stated, Boone County Defendants' Motion to Dismiss Count XV based on a failure to state a claim is **DENIED**.

## CONCLUSION

## I. Collateral Estoppel

For the reasons stated above, Boone County Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint based upon collateral estoppel is **GRANTED IN PART AND DENIED IN PART**. To the extent Plaintiff bases his cause of actions upon alleged false statements and fabricated evidence proven true from 15BA-CV002239 – *Marcia Green v. Mehrdad Fotoohighiam et. al.* or 15BA-FC00643 – *In Re the Marriage of: Hedieh Fotoohighiam and Mehrdad Fotoohighiam*, Boone County Defendants' Motion is **GRANTED**. As to all other counts, Boone County Defendants' Motion is **DENIED**.

As such, Boone County Defendants' Motion to Dismiss Count I – 42 U.S.C. § 1983 Deprivation of Liberty Without Due Process of Law and Denial of a Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Conducting a Reckless Investigation; Count II – 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments; Count III – 42 U.S.C. § 1983 Civil Rights Conspiracy; Count IV – 42 U.S.C. § 1983 Failure to Intervene; Count V – 42 U.S.C. § 1983 Supervisor Liability Claim; Count XIII – Malicious Prosecution Under Missouri State Law; and Count XIV – Respondeat Superior Under Missouri State Law based upon collateral estoppel are **GRANTED**. Boone County Defendants' Motion to Dismiss Counts VI – 42 U.S.C. § 1983 Fourth Amendment, Fifth Amendment, Sixth Amendment, 18 U.S.C. § 2510 et seq. Improper Recording of Attorney Client Conversations; Count VII – Violation of Missouri Wiretap Statute; Count VIII – 42 U.S.C. § 1983 Deliberately Indifferent Polices, Practices, Customs, Training, and Supervision in Violation of the Fourth And Fourteenth Amendments; Count IX – 42 U.S.C. § 1985(3) Conspiracy to Interfere with Civil Rights; Count X – Violation of 42 U.S.C. § 1986 Failure to Prevent a Conspiracy to Deprive Rights; Count XI – Intentional Infliction of Emotional Distress; Count XII

– Negligent Infliction of Emotional Distress; and Count XV – *Monell* Claim based upon collateral estoppel are **DENIED**.

## II. Official Capacity Claims

Boone County Defendants' Motion to Dismiss Defendants Jennifer Atwell, Matt Vessar, David Wilson and Anthony Perkins in their official capacities are **GRANTED**.

## III. Federal Claims

Boone County Defendants' Motion to Dismiss Defendants Atwell and Vessar in their individual capacities from Count VI – 42 U.S.C. § 1983 Fourth Amendment, Fifth Amendment, Sixth Amendment, 18 U.S.C. § 1510 et seq. Improper Recording of Attorney Client Conversations based upon a failure to state a claim and qualified immunity are **DENIED**. Boone County Defendants' Motion to Dismiss Count VIII – 42 U.S.C. § 1983 Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in Violation of the Fourth and Fourteenth Amendments as to Defendants Vessar, Wilson and Perkins in their individual capacities based upon a failure to state a claim is **GRANTED**. Boone County Defendants' Motion to Dismiss Count IX – 42 U.S.C. § 1985(3) Conspiracy to Interfere with Civil Rights as to Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities is **GRANTED**. Boone County Defendants' Motion to Dismiss Count X – 42 U.S.C. § 1986 Failure to Prevent a Conspiracy to Deprive Rights as to Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities is **GRANTED**. Boone County Defendants' Motion to Dismiss Count XV – *Monell* Claim based upon a failure to state a claim is **DENIED**.

## IV. State Claims

Boone County Defendants Motion to Dismiss Count VII – Violation of Missouri Wiretap Statute as to Defendants Atwell and Vessar in their individual capacities based upon a failure to

state a claim is **DENIED**. Boone County Defendants' Motion to Dismiss Count VII as to Defendant Atwell based upon the public duty doctrine it is **DENIED** and as to official immunity is **GRANTED IN PART AND DENIED IN PART**. It is **DENIED** as to Defendant Atwell failing to register calls between Plaintiff and his attorney as non-recordable and **GRANTED** as to the dissemination of Plaintiff's attorney-client conversation. Boone County Defendants' Motion to Dismiss Count VII as to Defendant Vessar in his individual capacity based upon official immunity is **GRANTED**. Boone County Defendants' Motion to Dismiss Count XI – Intentional Infliction of Emotional Distress as to Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities based upon a failure to state a claim is **GRANTED**. Boone County Defendants' Motion to Dismiss Count XII – Negligent Infliction of Emotional Distress as to Defendants Atwell, Vessar, Wilson and Perkins in their individual capacities based upon a failure to state a claim is **GRANTED**.

**IT IS SO ORDERED**.

DATED: January 27, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**