**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| **MERHDAD FOTOOHIGHIAM,** )<br><br>**Plaintiff,** )<br><br>v. )<br>)<br>**BOONE COUNTY, MISSOURI** by and through )<br>its Board of County Commissioners, and )<br>)<br>**PROSECUTOR ROGER JOHNSON,** )<br>**PROSECUTOR PHILLIP GROENWEGHE,** )<br>**BOONE COUNTY SHERIFF DWAYNE** )<br>**CAREY, CAPTAIN JENNIFER ATWELL,** )<br>**OFFICER MATT VESSAR, OFFICER DAVID** )<br>**WILSON, OFFICER ANTHONY PERKINS,** )<br>**JOHN DOE 1-30, JANE DOE 1-30**, in their )<br>individual and official capacities, and )<br>)<br>**INMATE CALLING SOLUTIONS, LLC,** a )<br>Domestic Limited Liability Company, )<br>**SECURUS TECHNOLOGIES, LLC,** a Foreign )<br>Limited Liability company, **CENTURYLINK** )<br>**PUBLIC COMMUNICATIONS, LLC**, a Foreign )<br>Limited Liability Company, and )<br>)<br>**HEDIEH ZAERIN and/or HEDIEH** )<br>**FOTOOHIGHIAM, ALI RASTKAR, IAN** )<br>**RICH, and JUSTIN TODD,** in their individual )<br>capacities, )<br>)<br>**Defendants.** ) | **Case No. 2:24-cv-04182-MDH** |

## <u>ORDER</u>

Before the Court is Defendant Ali Rastkar's Motion to Dismiss Plaintiff's Complaint for

Lack of Service. (Doc. 170). The Plaintiff has failed to file Suggestions in Opposition and the time

to do so has elapsed. The motion is now ripe for adjudication on the merits. For the reasons stated

herein, Defendant Rastkar's Motion to Dismiss Plaintiff's Complaint is **GRANTED**.

1

## BACKGROUND

On May 30, 2025, a Return of Service of Complaint was filed showing Defendant Ali Rastkar was served on May 20, 2025, at an address listed of 6208 S. Ridgewood Road, Columbia, Missouri 65203. (Doc. 103). The Return of Service indicated that the "documents were served to a male individual who identified himself as Abdolreza Rastkar. Mr. Rastkar stated that he is the father of Ali Rastkar and confirmed that Ali resides at 6208 S Ridgewood Rd, Columbia, Mo 65203." *Id*. On June 30, 2025, Plaintiff filed a Motion for Default Judgment as to Ali Rastkar, asking for the Clerk of the Court to enter default against Defendant Rastkar for failing to respond to Plaintiff's Complaint. (Doc. 125). On July 7, 2025, Defendant Rastkar filed a *pro se* notice to the Court in a related case, that he received an email from his father's care giving team about the attempted service of process; that he does not live nor speak to his father; and that he had moved to Colorado beginning in March of 2025. *Fotoohigham v. The City of Columbia, Missouri et al.*, 2:24-cv-04142-MDH, Doc. 84.[1] The same day, this Court ordered Plaintiff to respond to the issue of effective service of process raised in the notice of filing. *Id* at Doc. 85.

On July 22, 2025, Plaintiff responded to the issue of service of process. *Id* at Doc. 102. The Court ultimately ruled that Plaintiff has failed to effectuate service on Defendant Rastkar. (Doc. 161). The Court subsequently denied Plaintiff's Motion for Default Judgment as to Defendant Rastkar and ordered that Plaintiff serve Defendant Rastkar within thirty (30) days. *Id*. The Plaintiff has failed to do so.

---

[1] Defendant Rastkar filed his notice in *Fotoohigham v. The City of Columbia, Missouri et al.*, 2:24-cv-04142-MDH. While he submitted his notice in a related case, the Court finds that the issues in this case and the related case are the same and will adopt the documents filed in the related case as pertaining to this case as well.

Federal Rule of Civil Procedure 4(m) governs the time limit for service. It states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extent the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, Plaintiff has failed to serve Defendant Rastkar within the time limit set by Federal Rule of Civil Procedure 4(m). This Court extended the timeframe in which Plaintiff was to serve Defendant Rastkar in its October 2, 2025, Order. (Doc. 161). However, as the Plaintiff has failed to serve Defendant Rastkar in this case, the Court will grant Defendant Rastkar's Motion to Dismiss Plaintiff's Complaint.

## CONCLUSION

For the reasons stated herein, Defendant Rastkar's Motion to Dismiss Plaintiff's Complaint is **GRANTED**. Defendant Rastkar is hereby dismissed from the case without prejudice.

**IT IS SO ORDERED**.

DATED: May 26, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

3