IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MEHRDAD FOTOOHIGHIAM,<br>Plaintiff,<br>v.<br>THE CITY OF COLUMBIA, MISSOURI, et al.,<br>Defendants. | Case No. 2:24-cv-04182-MDH |

**INMATE CALLING SOLUTIONS, LLC'S MOTION FOR SANCTIONS**

COMES NOW Defendant Inmate Calling Solutions, LLC ("ICSolutions"), by and through its undersigned counsel, and respectfully moves this Court for sanctions pursuant to Federal Rule of Civil Procedure 11 against Plaintiff Mehrdad Fotoohighiam for Plaintiff's Second Amended Complaint [Doc. 102]. In support thereof, ICSolutions states as follows:

## INTRODUCTION

Rule 11 sanctions are appropriate because Plaintiff's Second Amended Complaint was filed against ICSolutions without evidentiary support and without a reasonable pre-filing investigation into the accuracy of the factual allegations. The Second Amended Complaint attributes conduct to ICSolutions that ICSolutions did not perform and could not have performed given the undisputed facts. The Affidavit of

Brendan Philbin, ICSolutions' Vice President of Technology ("Philbin Affidavit"), attached hereto as Exhibit A, demonstrates that the factual allegations against ICSolutions lack any evidentiary foundation. Sanctions are warranted.

## APPLICABLE LAW

The "central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). To that end, Rule 11 imposes an objective duty of reasonable inquiry on attorneys and represented parties alike, irrespective of subjective good faith. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991) (Rule 11 imposes "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing"). By signing a document filed with the Court, an attorney or unrepresented party represents that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3). Rule 11 imposes an affirmative duty on the filer to conduct a reasonable investigation of the factual allegations to determine whether there is a sound evidentiary foundation. *Id.* To constitute a reasonable investigation, the filer must uncover a factual and legal basis for the allegations.

*Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003); *see Chandler v. Norwest Bank Minn., N.A.*, 137 F.3d 1053, 1057 (8th Cir. 1998) (affirming sanctions for lack of the required reasonable inquiry and lack of evidentiary support).

A frivolous claim is one that no reasonably competent attorney could deem to have a sound evidentiary foundation. *Franklin v. Pinnacle Ent., Inc.*, 289 F.R.D. 278, 286 (E.D. Mo. 2012). When a court concludes that either the factual or legal contentions are frivolous, the analysis turns on whether the filer should have known they were frivolous at the time the paper was "present[ed] to the court." Fed. R. Civ. P. 11(b); *Franklin*, 289 F.R.D. at 286. An objective reasonableness standard governs Rule 11 sanctions, and subjective good faith does not preclude sanctions. *Coonts*, 316 F.3d at 753.

Rule 11 applies with equal force to unrepresented parties. By signing and filing a pleading, a pro se litigant certifies that, to the best of his knowledge, information, and belief formed after a reasonable inquiry, the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). While pro se filings are construed liberally, pro se litigants are not exempt from Rule 11's requirements. *See Carman v. Treat*, 7 F.3d 1379, 1382 (8th Cir. 1993) (affirming Rule 11 dismissal of pro se inmate's civil rights action and holding that the plaintiff's

"subjective belief and pro se status… do not insulate him from the reach of Rule 11").

## ARGUMENT

Plaintiff violated Rule 11(b)(3). The Second Amended Complaint lacks evidentiary support for the factual allegations against ICSolutions, and the factual allegations were knowable as false at the time of filing. Sanctions are appropriate.

### A. Plaintiff Filed a Frivolous Lawsuit Against ICSolutions.

The factual allegations in Plaintiff's Second Amended Complaint ("Complaint") against ICSolutions lack evidentiary support. Plaintiff claims that "during the years Plaintiff was in jail in 2015–2022, Defendants IC Solutions . . . were companies that provided telephonic communication and recording equipment to the Boone County Jail." [Doc. 102, p. 14, ¶ 69]. The Complaint further alleges that ICSolutions "recorded Plaintiff's calls with his attorneys while he was in the jail and shared those recordings with law enforcement agencies, prosecutors, and other third parties." [Doc. 102, p. 14, ¶ 70]. These allegations are without merit.

The Philbin Affidavit negates the factual basis for these claims. ICSolutions did not provide telecommunications services to Boone

County Jail until December of 2020. Philbin Aff. ¶ 8. No reasonably competent attorney, or any pro se litigant conducting a reasonable inquiry, could conclude that the allegation that ICSolutions provided telecommunications services "during the years . . . 2015–2022" has a sound evidentiary foundation when ICSolutions had no connection to Boone County Jail before 2020. The majority of Plaintiff's alleged period of infractions falls entirely outside ICSolutions' involvement with the facility.

Plaintiff's allegation that ICSolutions recorded attorney-client calls and distributed those recordings to third parties is equally unsupported. ICSolutions provides facilities with a software platform called "The Enforcer." Philbin Aff. ¶ 10. The Enforcer allows facilities to manage inmate calling, including defining costs, time limits, and restrictions, as well as designating certain telephone numbers as "Do Not Record." *Id.* ICSolutions has no involvement in identifying a telephone number as "Do Not Record." ICSolutions provides the capability for the facility to mark a number as "Do Not Record" in accordance with the facility's own rules and regulations. Philbin Aff. ¶¶ 12, 14. The entire process for marking a phone number as "Do Not Record" is performed at the facility or agency level, and ICSolutions has no involvement in either the verification process or the physical act of marking an individual phone number. Philbin Aff. ¶ 16.

Plaintiff himself appears to be aware that marking numbers as "Do Not Record" is handled by the facility. His Complaint states that "Plaintiff repeatedly identified his attorneys' contact information as 'privileged' *with the jail staff* so that his conversations with his attorneys would not be recorded." [Doc. 102, p. 14, ¶ 68] (emphasis added). There is no factual connection between the allegations made and ICSolutions' conduct. Philbin Aff. ¶¶ 22–25. ICSolutions did not write Judge Ohmer advising him that Plaintiff's attorney-client calls were recorded, did not provide Plaintiff's phone calls to Defendant Hedieh Fotoohighiam's divorce attorney, and did not request or obtain a translation of a call between Plaintiff and his attorney. Philbin Aff. ¶¶ 23–25.

Plaintiff's claims against ICSolutions satisfy the definition of frivolous under Rule 11 because no reasonably competent attorney, or pro se litigant conducting reasonable inquiry, could deem them to have a sound evidentiary foundation. Plaintiff's counsel did not request any call records from ICSolutions related to this matter prior to filing the Complaint. Philbin Aff. ¶ 20. The failure to request call records is direct evidence that counsel failed to satisfy the affirmative duty to reasonably investigate the factual basis for the claims against ICSolutions.Even a perfunctory pre-suit inquiry—a single subpoena to ICSolutions, a public-records request to the Boone County Jail seeking

the date of the ICSolutions contract, or basic communication with the facility—would have revealed that ICSolutions had no relationship with the Boone County Jail during the bulk of the alleged period and no role in flagging individual phone numbers as "Do Not Record." *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (Rule 11 sanctions appropriate where "a perfunctory inquiry" would have revealed "no factual foundation" for the claim); *Chandler*, 137 F.3d at 1057 (affirming Rule 11 sanctions where plaintiffs failed to produce "even a scintilla of evidence" that the defendant was involved in the conduct alleged). This Court should conclude that Plaintiff's lawsuit against ICSolutions is frivolous.

**B. The Allegations Against ICSolutions Were Knowably False at the Time of Filing.**

The allegations against ICSolutions should have been known to be frivolous at the time of filing. Absent a reasonable investigation into the factual and legal basis of the claims, the Philbin Affidavit demonstrates that the factual contentions were knowable or reasonably knowable when the Complaint was filed. Material information that was knowable or reasonably knowable includes the date ICSolutions initiated its telecommunications services with Boone County Jail, the "Do Not Record" procedure under ICSolutions' platform, the identity of Boone County Jail employees involved with

telecommunications, Plaintiff's phone records, and any Boone County Jail documents reflecting Plaintiff reporting issues with telecommunications at the facility.

Plaintiff's counsel had the opportunity to use standard modes of discovery or pre-suit investigation, such as public records requests, subpoenas, or even basic communication with ICSolutions, to obtain material information that was reasonably knowable. No such effort was made. Had a reasonable investigation been conducted, the material information uncovered would have eliminated any factual or legal basis for the Complaint against ICSolutions.

Applying the objective reasonableness standard under Rule 11, this Court should find that the allegations against ICSolutions were knowably false when filed. *See Coonts*, 316 F.3d at 753.

Although the Second Amended Complaint was filed by Plaintiff's former counsel, all three attorneys have since withdrawn from this matter. Ahmad Zaher and Shiraz K. Khan were granted leave to withdraw on December 12, 2025 [Doc. 169], and Sean W. Pickett was granted leave to withdraw on February 17, 2026 [Doc. 176]. Plaintiff now proceeds pro se. Under Rule 11(c)(2), a motion for sanctions may be directed at the attorneys, the client, or both, for violations occurring at the time of filing. The filing of the Second Amended Complaint

constituted the Rule 11 violation, and that violation is not mooted by counsel's subsequent withdrawal.

### C. Plaintiff's Continued Advocacy of the Second Amended Complaint After Service of This Motion Is an Independent Rule 11 Violation.

Even apart from the violation that occurred at the time of filing, Rule 11(b) imposes a continuing certification. By presenting to the court a pleading "whether by signing, filing, submitting, or *later advocating* it," an attorney or unrepresented party certifies that "the factual contentions have evidentiary support." FED. R. CIV. P. 11(b)(3) (emphasis added). The certification therefore renews each time a party advocates a pleading already on file. *See* FED. R. CIV. P. 11 advisory committee's note to 1993 amendment (explaining that the certification "is also made when… a party makes any reaffirmation of the position taken in [a previously filed paper]"). The instant motion and the Philbin affidavit were served upon Plaintiff on July 2, 2026, with correspondence advising him that failure to take action on these issues would result in the filing of the Motion in Court after the expiration of twenty-one days.

Service of this Motion, together with the Philbin Affidavit, places Plaintiff, who is now proceeding pro se, on actual notice that the factual allegations in the Second Amended Complaint against

ICSolutions are without evidentiary support. Any continued advocacy by Plaintiff of those allegations after the 21-day safe harbor period expires, whether by opposing dispositive motions in reliance on the allegations, by amending to reassert the same allegations, or by otherwise pressing the claims forward—constitutes a separate and independent Rule 11(b) violation by Plaintiff personally. A pro se litigant who has been shown sworn evidence that a factual contention has no basis cannot continue to advocate that contention consistent with Rule 11.

The Eighth Circuit has applied this principle. In *Pope v. Federal Express Corp.*, the court affirmed Rule 11 sanctions against counsel who, after learning at her client's deposition that a key exhibit was fabricated, "continued to refer to, and rely on, [that exhibit] in subsequent pleadings." 974 F.2d 982, 983–84 (8th Cir. 1992); *see also Pope v. Federal Express Corp.*, 49 F.3d 1327 (8th Cir. 1995) (affirming reimposed sanctions on remand). Other circuits have applied the same rule. *See O'Brien v. Alexander*, 101 F.3d 1479, 1488 (2d Cir. 1996) ("[A] litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit."). The Eighth Circuit has also approved

sanctions for "bringing *and continuing to assert*" claims that the undisputed facts cannot support. *Coonts*, 316 F.3d at 753–54 (emphasis added). Likewise, Missouri district courts have explained that Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." *Franklin*, 289 F.R.D. at 285–86 (quoting FED. R. CIV. P. 11 advisory committee's note to 1993 amendment).

The simplest cure remains available to Plaintiff: a voluntary dismissal of ICSolutions from this action pursuant to Federal Rule of Civil Procedure 41(a). Should Plaintiff continue to advocate the challenged claims notwithstanding the Philbin Affidavit, sanctions against Plaintiff personally—including striking the claims against ICSolutions in the Second Amended Complaint and an award of ICSolutions' reasonable attorney's fees and costs—are warranted under Rule 11(c).

## CONCLUSION

For the foregoing reasons, ICSolutions respectfully requests that this Court impose sanctions pursuant to Federal Rule of Civil Procedure 11, including striking the claims against ICSolutions in Plaintiff's Second Amended Complaint, an award of reasonable attorney's fees and costs, and any additional relief this Court deems just and proper.

Respectfully submitted,

Date: August 5, 2026

*/s/ Alexander B. Chosid*

Alexander B. Chosid
TKC Holdings, Inc.
10880 Linpage Place
St. Louis, MO 63132
Tel: (314) 216-2218
Fax: (314) 213-1190
Alex.Chosid@TKCHoldings.com

*Attorney for Defendant Inmate Calling Solutions, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, in compliance with Federal Rule of Civil Procedure 11(c)(2), copies of the foregoing Inmate Calling Solutions, LLC's Motion for Sanctions and the Affidavit of Brendan Philbin were served upon Plaintiff Mehrdad Fotoohighiam via electronic mail at thebanyaziz@gmail.com on August 5, 2026, more than 21 days before the filing of this Motion. Plaintiff did not withdraw or correct the challenged claims against ICSolutions within the 21-day safe harbor period. The undersigned further certifies that on August 5, 2026, the foregoing Motion for Sanctions and the Affidavit of Brendan

Philbin were filed with the Court via the Court's electronic filing system (CM/ECF), which provides electronic notice to all counsel of record for remaining Defendants, and that a contemporaneous courtesy copy of the as-filed documents was served upon Plaintiff via electronic mail at thebanyaziz@gmail.com pursuant to the Court's Order [Doc. 169].

*/s/ Alexander B. Chosid*