IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MEHRDAD FOTOOHIGHIAM,<br><br>Plaintiffs,<br>v.<br><br>THE CITY OF COLUMBIA, MISSOURI, et al,<br><br>Defendants. | No.2:24-cv-04182-MDH |

**AFFIDAVIT OF BRENDAN PHILBIN**

I, Brendan Philbin, hereby depose and state as follows:

1. I am over the age of 18 and I am competent to testify to the matters contained herein.

2. I am employed by TKC Holdings, Inc. as the Vice President of Product Development for Inmate Calling Solutions, LLC ("ICSolutions"). ICSolutions is a wholly owned subsidiary of TKC Holdings, Inc. ICSolutions is a provider of inmate calling services.

3. As a part of my duties, I oversee the operations of ICSolutions. In my position as a Vice President, I have access to internal documentation and an understanding of the operations of ICSolutions hardware and software tools. I am also aware of the systems in place to allow for the use of these services. The following affidavit is based on my personal knowledge and/or knowledge made reasonably available to me in my role as a Vice President.

4. I have reviewed the Second Amended Complaint [Doc. 102] filed by Plaintiff in this matter and documents relevant to their claims. Plaintiff claims,

among other allegations, that ICSolutions improperly recorded and distributed his attorney-client privileged communications.

5. Plaintiff alleges in his Second Amended Complaint that "during the years Plaintiff was in jail in 2015-2022, Defendants ICSolutions, Securus Technologies, and Centurylink Public Communications were companies that provided telephonic communication and recording equipment to the Boone County Jail." [Doc. 102, p. 14, ¶ 69].

6. Plaintiff further claims that these defendants "recorded Plaintiff's calls with his attorneys while he was in the jail and shared those recordings with law enforcement agencies, prosecutors, and other third parties." [Doc. 102, p. 14,¶ 70].

7. Plaintiff alleges that these alleged actions violate 42 U.S.C. § 1983, 18 U.S.C. § 2510, and wiretap statutes, though many of Plaintiff's claims against ICSolutions have already been dismissed.

8. ICSolutions did not begin providing telecommunications services to Boone County Jail until December of 2020. This leaves the majority of Plaintiff's alleged infractions outside of the time period where ICSolutions handled telecommunications at the site.

9. ICSolutions does not differentiate between an attorney account and a standard account. ICSolutions has two account types, prepaid and debit accounts. A prepaid account allows an individual to purchase prepaid phone services for receiving calls from an inmate at a set phone number. A debit account allows the

inmate to make calls to any phone number, so long as those numbers are not restricted by the facility.

10. ICSolutions developed a piece of software called "The Enforcer" that is deployed to facilities that choose ICSolutions to provide their telecommunications services. The Enforcer allows facilities or agencies to manage inmate calling. Among other features, the Enforcer allows a facility to define time limits and restrictions for inmate calling, as well as designating certain telephone numbers to set as "Do Not Record," for reasons that are up to the facility itself.

11. In the majority of instances, calls made through ICSolutions' services are recorded and this is announced each time a call is made.

12. When a facility or agency contracts with ICSolutions to provide inmate calling services, ICSolutions provides hardware and/or software, as well as documentation and training relating to the implementation of this software, specifically including The Enforcer and the ability for a facility to mark a number as "Do Not Record" when it determines, based upon its own rules and regulations, that the call should not be recorded.

13. In order to have a phone number designated as "Do Not Record," the owner of the phone number must contact the facility or agency to have their phone number designated as "Do Not Record" in ICSolutions' Enforcer software. The owner of the phone number need not have an ICSolutions account to have their number designated as "Do Not Record."

14. The processes to determine whether a phone number is to be set as "Do Not Record" is entirely up to the facility or agency. ICSolutions has no involvement in what proof the facility or agency requires to determine the legitimacy of a claim to attorney-client privilege or any other reason the calls should not be recorded, what forms may be used, or the actual physical process of marking a phone number as "Do Not Record" within the Enforcer system.

15. ICSolutions provides for the ability for the facility or agency to mark a phone number within the Enforcer as "Do Not Record" to avoid having the calls recorded. The instructions for doing so are provided within the Quick Reference manual provided to ICSolutions' customers, which outlines the procedure for marking a number as "Do Not Record."

16. The entire process for marking a phone number as "Do Not Record" is done at the facility or agency level and ICSolutions has no involvement in either the verification process to ensure a party is an attorney or the physical act of marking an individual phone number as an attorney phone number.

17. When ICSolutions began providing services, it was provided a list of phone numbers previously marked as Do Not Record at the facility by the outgoing provider. These numbers were marked as Do Not Record at this time.

18. Any other phone number designated as "Do Not Record" at the Boone County Jail during ICSolutions' tenure was necessarily designated by Boone County Jail personnel, and not by ICSolutions.

19. Plaintiff, through his attorneys, appears to be aware that marking numbers as Do Not Record is handled by the agency, stating in his Second Amended Complaint that "Plaintiff repeatedly identified his attorneys' contact information as 'privileged' with the jail staff so that his conversations with his attorneys would not be recorded, throughout his incarceration in the Boone County Jail." [Doc. 102, p. 14, ¶ 68].

20. ICSolutions received no subpoenas for call records related to Plaintiff and produced no records. Prior to the filing of this action, neither Plaintiff nor any attorney representing Plaintiff contacted ICSolutions, served any subpoena upon ICSolutions, or otherwise requested any call records, account information, or other documents from ICSolutions concerning Plaintiff.

21. Customers using ICSolutions' platform have the ability to access properly recorded calls within their system. In the event that recorded calls were distributed at all, such distribution was not done by ICSolutions. Specifically, ICSolutions did not share, distribute, or provide any recording of any call involving Plaintiff to any law enforcement agency, prosecutor, or other third party.

22. At no point did ICSolutions take any action to prevent Plaintiff from making phone calls, to his attorneys or any other parties.

23. ICSolutions did not write Judge Ohmer, advising him that Plaintiff's attorney-client calls were recorded.

24. ICSolutions did not provide Plaintiff's phone calls to Defendant Hedieh Fotoohighiam's divorce attorney.

25. ICSolutions did not request or obtain a translation of a call between Plaintiff and his attorney.

26. In the event that Plaintiff's phone calls were improperly recorded during the time that ICSolutions was the contractor at the Boone County Jail, any improper recording was not based upon ICSolutions' conduct, as ICSolutions is totally uninvolved in the process of setting a phone number as "Do Not Record."

27. Further affiant sayeth naught.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, PURSUANT TO 28 U.S.C. § 1746, THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON THIS 17 DAY OF JUNE, 2026.

Brendan Phill

Brendan Philbin