**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION**

| | | |
|---|---|---|
| MERHDAD FOTOOHIGHIAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-CV-04182-MDH |
| | ) | |
| THE CITY OF COLUMBIA, MISSOURI, *et al*., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS BOONE COUNTY, MISSOURI, CAPTAIN JENNIFER ATWELL, AND DEPUTY MATT VESSAR'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS & SUGGESTIONS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

COME NOW, Defendants Boone County, Missouri, Captain Jennifer Atwell, and Deputy Matt Vessar ("the Boone County Defendants"), by and through undersigned counsel, and submit their Statement of Uncontroverted Material Facts and Suggestions in Support of their Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a).

## STATEMENT OF UNCONTROVERTED MATERIAL FACTS

The Boone County Defendants submit the following Statement of Uncontroverted Material Facts in Support of their Motion for Summary Judgment.

1. Plaintiff Mehrdad Fotoohighiam was a detainee in the Boone County Jail from approximately 2015-2022. (Exhibit A – Affidavit of Boone County Representative, ¶ 3); (Exhibit B – Affidavit of Captain Jennifer Atwell, ¶ 6); (Exhibit C – Affidavit of Deputy Matt Vessar, ¶ 5).

2. The Boone County Jail used a calling system that allowed detainees to make and receive telephone calls, including to the detainees' attorneys. (Ex. A, ¶ 5); (Ex. B, ¶¶ 4-5).

3. On multiple occasions, Plaintiff gave Boone County employees lists of attorneys'

names and phone numbers to identify as "non-recordable" in the Boone County Jail calling system. (Ex. A, ¶ 6); (Ex. B, ¶ 7).

4. Captain Jennifer Atwell was never "in charge" of the Boone County Jail calling system. (Ex. B, ¶ 4).

5. Plaintiff never gave Deputy Matt Vessar a list of attorneys' names and phone numbers to identify as "non-recordable" in the Boone County Jail calling system. (Ex. C, ¶¶ 6-7).

6. Deputy Vessar was not involved with designating Plaintiff's attorneys' names and phone numbers as "non-recordable" in the Boone County Jail calling system. (Ex. C, ¶¶ 6-7).

7. Each time that Plaintiff gave Boone County employees a list of attorneys' names and phone numbers to identify as "non-recordable" in the Boone County Jail calling system, the Boone County employees would search the attorneys' names and phone numbers in order to verify that the attorneys were in fact licensed attorneys. (Ex. A, ¶ 7); (Ex. B, ¶ 8).

8. The Boone County employees would advise Plaintiff in writing if they could not verify an attorney's name and phone number. (Ex. A, ¶ 7); (Ex. B, ¶ 8).

9. This was the Boone County Sheriff's Department's standard practice with all detainees. (Ex. A, ¶ 8); (Ex. B, ¶ 9).

10. Boone County employees identified Plaintiff's attorneys' names and phone numbers – that they were able to verify as licensed attorneys – as "non-recordable" in the Boone County Jail calling system. (Ex. A, ¶ 9); (Ex. B, ¶ 10).

11. No Boone County employee ever intentionally or knowingly failed to identify a verified attorney's name or phone number provided by Plaintiff as "non-recordable" in the Boone County Jail calling system. (Ex. A, ¶ 10); (Ex. B, ¶ 10).

12. No Boone County employee ever knowingly, purposefully, or unlawfully

intercepted or recorded Plaintiff's attorney-client phone calls. (Ex. A, ¶ 11); (Ex. B, ¶ 11); (Ex. C, ¶ 8).

13. No Boone County employee ever knowingly, purposefully, or unlawfully gave or disseminated any recordings of Plaintiff's attorney-client phone calls to third parties. (Ex. A, ¶ 12); (Ex. B, ¶ 12); (Ex. C, ¶ 9).

14. No Boone County employee ever prevented Plaintiff from contacting his attorneys. (Ex. A, ¶ 13); (Ex. B, ¶ 13); (Ex. C, ¶ 10).

15. Boone County, including the Boone County Sheriff's Department, never had a policy or an unofficial custom of recording detainees' attorney-client phone calls. (Ex. A, ¶ 14).

16. Boone County, including the Boone County Sheriff's Department, trained its employees not to listen to, record, or unlawfully disseminate detainees' attorney-client phone calls. (Ex. A, ¶ 15).

17. Boone County, including the Boone County Sheriff's Department, never had a policy or an unofficial custom of allowing Boone County employees to manufacture claims or criminal charges against individuals in an effort to prosecute them. (Ex. A, ¶ 16).

18. Boone County, including the Boone County Sheriff's Department, never had a policy or an unofficial custom of using inmate witnesses to push forward charges against individuals, without corroboration or ascertaining the veracity of the allegations, against individuals in order to wrongfully prosecute or jail them. (Ex. A, ¶ 17).

19. Boone County, including the Boone County Sheriff's Department, trained and supervised its employees in their investigative practices, including training them to not appear as attorneys when speaking with detainees. (Ex. A, ¶ 18).

20. Boone County, including the Boone County Sheriff's Department, trained and

supervised its employees in conducting proper criminal investigations that are not biased, that are based on credible evidence, and are not manufactured for the purpose of obtaining a conviction. (Ex. A, ¶ 19).

## SUGGESTIONS IN SUPPORT OF THE BOONE COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

There is no genuine dispute of material fact. The Boone County Defendants are entitled to judgment as a matter of law on all Plaintiff's claims. Plaintiff has no evidence to support any of his allegations. The Court should grant the Boone County Defendants' Motion for Summary Judgment.

## INTRODUCTION

The Boone County Defendants are entitled to summary judgment because Plaintiff Mehrdad Fotoohighiam does not have any evidence to support his claims. Plaintiff has done no discovery in this case. He failed to respond to the Boone County Defendants' written discovery, and he did not appear for his properly noticed deposition. Plaintiff has done nothing to prosecute this lawsuit. In any event, the Boone County Defendants are entitled to judgment as a matter of law. The Court should grant the Boone County Defendants' Motion for Summary Judgment.

Plaintiff's Second Amended Complaint (Doc. 102) is a shotgun pleading that rattles off Plaintiff's grievances with the many people who allegedly wronged him over the years. In reality, Plaintiff was found civilly liable for conspiring to burn down a woman's home and was charged with conspiring to have his ex-wife murdered. Plaintiff believes that all Defendants somehow conspired to keep him in jail, concocted bogus charges against him, and violated his constitutional rights. That is not the case. This Court has already dismissed nearly all of Plaintiff's claims against the Boone County Defendants. The only remaining Boone County Defendants are: 1) Boone County, Missouri; 2) Captain Jennifer Atwell; and 3) Deputy Matt Vessar. The claims that remain against the Boone County Defendants are:

- Count VI (against Boone County, Captain Atwell, and Deputy Vessar for constitutional violations related to allegedly recording Plaintiff's attorney-client phone calls)
- Count VII (against Boone County and Captain Atwell – for allegedly failing to register calls between Plaintiff and his attorney as "non-recordable" under the MO Wiretap Act)
- Count XV (*Monell* claims against Boone County)

*See* Doc. 172. None of Plaintiff's remaining claims can survive summary judgment.

Here, Plaintiff has not produced a single document in discovery. He has not taken any depositions. It is impossible for Plaintiff to create a genuine dispute of material fact. Plaintiff refused to sit for his properly noticed deposition and failed to respond to written discovery. The Court should dismiss Plaintiff's Second Amended Complaint for failure to prosecute and as a sanction for Plaintiff's willful violations of the discovery rules and this Court's Orders. *See* Doc. 189.

In conclusion, the Boone County Defendants are entitled to judgment as a matter of law. Captain Atwell and Deputy Vessar did not violate Plaintiff's constitutional rights, and Plaintiff has no evidence to support his *Monell* claims against Boone County. The Court should grant the Boone County Defendants' Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of identifying "the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (cleaned up). If the moving party makes this showing, "the nonmovant must

respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id*. (quotations omitted). "To survive a motion for summary judgment, the nonmoving party must substantiate her allegations with sufficient probative evidence that would permit a finding in her favor based on more than mere speculation, conjecture, or fantasy." *Grieme v. Andrew Cnty. Sheriff Grant Gillett*, 2025 WL 581169, at *1 (W.D. Mo. Feb. 21, 2025) (internal citations and quotations omitted). "A party opposing a motion for summary judgment may not simply deny the allegations, but must point to evidence in the Record demonstrating the existence of a factual dispute." *Hayton v. Cnty. of Johnson*, 2018 WL 11703100, at *1 (W.D. Mo. Sept. 14, 2018).

And to be clear, Plaintiff's allegations in his Second Amended Complaint (Doc. 102) are speculation, conjecture, or fantasy. Plaintiff has no evidence to substantiate his claims. There is no genuine dispute of material fact, and the Boone County Defendants are entitled to judgment as a matter of law.

## ARGUMENT

### A. Captain Jennifer Atwell is entitled to summary judgment.

The only claims that remain against Captain Atwell are Counts VI and VII, which relate to the alleged recording of Plaintiff's attorney-client phone calls while he was detained in the Boone County Jail.

Here, Plaintiff cannot show that Captain Atwell violated his constitutional rights under 42 U.S.C. § 1983. Plaintiff never identifies a specific telephone call that Captain Atwell allegedly recorded or an attorney's name she failed to identify as "non-recordable" on the Boone County Jail calling system.

The following facts are uncontroverted:

- Captain Atwell was never "in charge" of the Boone County Jail calling system (used by

Boone County detainees to make and receive telephone calls). *See* SOF 2 and 4.[1]

- On multiple occasions, Plaintiff gave Captain Atwell lists of attorneys' names and phone numbers to identify as "non-recordable" in the Boone County Jail calling system. *See* SOF 3.
- Each time that Plaintiff gave Captain Atwell a list of attorneys' names and phone numbers to identify as "non-recordable", she would search the attorneys' names and phone numbers in order to verify that the attorneys were in fact licensed attorneys. *See* SOF 7.
- Captain Atwell would advise Plaintiff in writing if she could not verify an attorney's name and phone number. *See* SOF 8.
- This was the standard practice of the Boone County Sheriff's Department and Captain Atwell for all detainees. *See* SOF 9.
- Captain Atwell identified Plaintiff's attorneys' names and phone numbers – that she was able to verify as licensed attorneys – as "non-recordable" in the Boone County Jail calling system. *See* SOF 10-11.
- Captain Atwell never knowingly or purposefully intercepted or recorded Plaintiff's attorney-client phone calls. *See* SOF 12.
- Captain Atwell never knowingly or purposefully gave or disseminated any recordings of Plaintiff's attorney-client phone calls to third parties. *See* SOF 13.
- Captain Atwell never prevented Plaintiff from contacting his attorneys. *See* SOF 14.

Based on the above uncontroverted material facts, Captain Atwell is entitled to summary judgment on all of Plaintiff's claims against her.

[1] "SOF" refers to the paragraph numbers in the Boone County Defendants' Statement of Uncontroverted Material Facts.

First, Captain Atwell identified Plaintiff's attorney-client telephone calls as "non-recordable" and she never recorded or disseminated Plaintiff's attorney-client phone calls. (SOF 10-13). Plaintiff's claim under 42 U.S.C. § 1983 (Count VI) fails because Captain Atwell did not violate Plaintiff's constitutional rights – Captain Atwell never intercepted, recorded, or disseminated Plaintiff's attorney-client phone calls and she never prevented him from contacting his attorneys. (SOF 12-14). Accordingly, there is no genuine dispute of material fact, and Captain Atwell is entitled to judgment as a matter of law on Count VI of Plaintiff's Second Amended Complaint. The Court should grant summary judgment in favor of Captain Atwell.

Second, Captain Atwell is entitled to summary judgment of Count VII (violation of Missouri Wiretap Act). The Court previously ruled that Captain Atwell did not have official immunity for allegedly failing to register Plaintiff's attorney-client telephone calls as "non-recordable". *See* Doc. 172, p. 22. Captain Atwell, in her attached Affidavit, attested that each time Plaintiff gave her a list of attorneys' names and phone numbers to identify as "non-recordable", she would search the attorneys' names and phone numbers in order to verify that the attorneys were in fact licensed attorneys. (SOF 7). Captain Atwell would advise Plaintiff in writing if she could not verify an attorney's name and phone number. (SOF 8). Captain Atwell identified Plaintiff's attorneys' names and phone numbers – that she was able to verify as licensed attorneys – as "non-recordable" in the Boone County Jail calling system. (SOF 10-11). Those facts cannot be controverted. Plaintiff has produced no documents or evidence to show otherwise. Accordingly, there is no genuine dispute of material fact, and Captain Atwell is entitled to judgment as a matter of law on Count VII of Plaintiff's Second Amended Complaint. The Court should grant summary judgment in favor of Captain Atwell.

In conclusion, the Court should grant summary judgment in favor of Captain Jennifer Atwell and dismiss all claims against her with prejudice because there is no genuine dispute of material fact and she is entitled to judgment as a matter of law.

**B. <u>Deputy Matt Vessar is entitled to summary judgment.</u>**

The only claim that remains against Deputy Vessar is Count VI, which relates to the alleged recording of Plaintiff's attorney-client phone calls while he was detained in the Boone County Jail.

The following facts are uncontroverted:

- Plaintiff never gave Deputy Vessar a list of attorneys' names and phone numbers to identify as "non-recordable" in the Boone County Jail calling system. *See* SOF 5.
- Deputy Vessar was not involved with designating Plaintiff's attorneys' names and phone numbers as "non-recordable" in the Boone County Jail calling system. *See* SOF 6.
- Deputy Vessar never prevented Plaintiff Fotoohighiam from contacting his attorneys. *See* SOF 14.

Plaintiff has not produced one document or a single shred of evidence showing otherwise, and Plaintiff refused to sit for his deposition, so he cannot testify to the contrary. Therefore, Plaintiff's claim under 42 U.S.C. § 1983 (Count VI) fails because Deputy Vessar did not violate Plaintiff's constitutional rights – Deputy Vessar never intercepted, recorded, or disseminated Plaintiff's attorney-client phone calls and never prevented Plaintiff from contacting his attorneys. (SOF 12-14). There is no genuine dispute of material fact, and Deputy Vessar is entitled to judgment as a matter of law on Count VI of Plaintiff's Second Amended Complaint. The Court should grant summary judgment in favor of Deputy Vessar.

### C. **<u>Boone County is entitled to summary judgment.</u>**

First, Boone County is entitled to summary judgment as to Counts XI and XII (to the extent they still remain pending), which are claims for intentional and negligent infliction of emotion distress. Those common law tort claims are subject to sovereign immunity, and Plaintiff has not pleaded an exception to Boone County's sovereign immunity. *See, e.g.*, *Fischer v. Steward*, 2010 WL 147865, at *11 (E.D. Mo. Jan. 11, 2010) ("Missouri counties, as political subdivisions of the state, are entitled to full common-law sovereign immunity."). *See also J.P. v. Belton Sch. Dist.*, 2021 WL 5541782, at *5 (W.D. Mo. Feb. 18, 2021) ("After careful review, the Court concludes that the District's sovereign immunity protects it from J.P.'s claims of intentional or negligent infliction of emotional distress.").

Second, in regard to Plaintiff's *Monell* claims, those claims all fail because Plaintiff cannot show that his constitutional rights were violated by any Boone County employee. "For municipal liability to attach there must first be a violation of the plaintiff's constitutional rights." *Stewart v. Speiser*, 2018 WL 614968, at *8 (W.D. Mo. Jan. 29, 2018). Because Plaintiff cannot submit any evidence showing a violation of his constitutional rights (because he has failed to participate in discovery), municipal liability against Boone County cannot attach. Therefore, Boone County is entitled to summary judgment on Plaintiff's *Monell* claims and any other related claims.

Third, Plaintiff cannot show deliberate indifference (related to training and supervision) on the part of Boone County because Boone County had no notice of any alleged constitutional violations or alleged deficiencies in training or supervision. *See, e.g.*, *Hawkins v. City of Springfield*, 2014 WL 12603497, at *8 (W.D. Mo. July 10, 2014) ("To demonstrate deliberate indifference, a plaintiff must show the defendant had notice of a need to act."). Plaintiff has not produced one document or a shred of evidence showing that Boone County had notice of any

alleged constitutional violations, deficiencies in training of supervision, or a need to act. (SOF 15-20). Therefore, Boone County is entitled to judgment as a matter of law on Plaintiff's *Monell* claims.

Finally, Plaintiff never identified a formal, written policy of Boone County that he claims is unconstitutional. And Plaintiff will not be able to establish an unofficial custom because he has not produced any evidence during discovery to show the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by Boone County employees. So, Plaintiff cannot show that Boone County had an unofficial custom that resulted in the violation of Plaintiff's constitutional rights. (SOF 15-20). And, as the Court previously stated, Plaintiff's failure to train claim fails because Plaintiff cannot prove what training was done and he will not be able to show the inadequacies of that training. *See* Doc. 172, p. 34. Therefore, Plaintiff cannot establish a *Monell* claim against Boone County. (SOF 15-20). Boone County is entitled to judgment as a matter of law.

In conclusion, none of Plaintiff's claims against Boone County can survive summary judgment. There is no genuine dispute of material fact, and Boone County is entitled to judgment as a matter of law. The Court should grant summary judgment in favor of Boone County.

## **CONCLUSION**

Defendants Boone County, Missouri, Captain Jennifer Atwell, and Deputy Matt Vessar are entitled to summary judgment. None of the Boone County Defendants recorded or disseminated Plaintiff's attorney-client phone calls or prevented Plaintiff from contacting his attorneys, and Plaintiff cannot establish a *Monell* claim against Boone County. There is no genuine dispute of material fact, and the Boone County Defendants are entitled to judgment as a matter of law on all

of Plaintiff's claims. The Court should grant the Boone County Defendants' Motion for Summary Judgment.

WHEREFORE, the Boone County Defendants (Boone County, Missouri, Captain Jennifer Atwell, and Deputy Matt Vessar) respectfully request the Court grant their Motion for Summary Judgment, dismiss all claims against them in Plaintiff's Second Amended Complaint (Doc. 102) with prejudice, award them their costs incurred herein, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

VESSELL BRIDGES MURPHY LAW OFFICES

/s/ *Jack Fleming*
Jack Fleming, MO Bar: #68072
3901 S. Providence Road, Suite D
Columbia, MO 65203
(573) 777-4488
(573) 777-4489 (fax)
jack.fleming@vbmlaw.com
**ATTORNEYS FOR THE**
**BOONE COUNTY DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served upon counsel of record on October 16, 2026, via filing with the Court's electronic filing system and a copy was mailed via U.S. Mail to Plaintiff on October 16, 2026, at the following address:

Mehrdad Fotoohighiam
P.O. Box 473
Columbia, MO 65205

/s/ *Jack Fleming*
Jack Fleming